## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF COLUMBIA

| | |
|---|---|
| **WEST BAY ONE, INC.,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| **v.** | )   **CA. _____** |
| | ) |
| **DOES 1 – 2,000** | ) |
| | ) |
|     **Defendants.** | ) |
| _____ | ) |

## COMPLAINT FOR COPYRIGHT INFRINGEMENT

Plaintiff, by its attorneys, for its complaint against Defendants, allege:

## JURISDICTION AND VENUE

1.  This is a civil action seeking damages and injunctive relief for copyright infringement

under the copyright laws of the United States (17 US.C. § 101 *et seq.*).

2.  This Court has jurisdiction under 17 US.C. §101 *et seq.*; 28 US.C. § 1331 (federal

question); and 28 US.C. § 1338(a) (copyright).

3.  The manner of the transfer of Plaintiff's motion picture, *"The Steam Experiment"* (a/k/a

*"The Chaos Experiment"*), among the P2P network users is called a "BitTorrent protocol" or

"torrent" which is different than the standard P2P protocol used for such networks as Kazaa and

Limewire.  The BitTorrent protocol makes even small computers with low bandwidth capable of

participating in large data transfers across a P2P network.  The initial file-provider intentionally

elects to share a file with a torrent network.  This initial file is called a seed. Other users

("peers") on the network connect to the seed file to download.  As yet additional peers request

the same file each additional user becomes a part of the network from where the file can be

downloaded.  However, unlike a traditional peer-to-peer network, each new file downloader is

receiving a different piece of the data from each user who has already downloaded the file that together comprises the whole.  This piecemeal system with multiple pieces of data coming from peer members is usually referred to as a "swarm."  The effect of this technology makes every downloader also an uploader of the illegally transferred file(s).  This means that every "node" or peer user who has a copy of the infringing copyrighted material on a torrent network must necessarily also be a source of download for that infringing file.

4.   This distributed nature of BitTorrent leads to a rapid viral spreading of a file throughout peer users.  As more peers join the swarm, the likelihood of a successful download increases. Because of the nature of a BitTorrent protocol, any seed peer that has downloaded a file prior to the time a subsequent peer downloads the same file is automatically a source for the subsequent peer so long as that first seed peer is online at the time the subsequent peer downloads a file. Essentially, because of the nature of the swarm downloads as described above, every infringer is *simultaneously* stealing copyrighted material from many ISPs in numerous jurisdictions around the country.

5.   Venue in this District is proper under 28 US.C. § 1391(b) and/or 28 US.C. §1400(a). Although the true identity of each Defendant is unknown to the Plaintiff at this time, on information and belief, each Defendant may be found in this District and/or a substantial part of the acts of infringement complained of herein occurred in this District.  On information and belief, personal jurisdiction in this District is proper because each Defendant, without consent or permission of the Plaintiff as exclusive rights owner, distributed and offered to distribute over the Internet copyrighted works for which the Plaintiff has exclusive rights.  Such unlawful distribution occurred in every jurisdiction in the United States, including this one.  In addition,

each Defendant contracted with an Internet Service Provider found in this District to provide each Defendant with access to the Internet.

**PARTIES**

6.   Plaintiff West Bay One, Inc. (the "Plaintiff") is a creator and distributor of motion pictures.  Plaintiff brings this action to stop Defendants from copying and distributing to others over the Internet unauthorized copies of the Plaintiff's copyrighted motion picture.  Defendants' infringements allow them and others unlawfully to obtain and distribute for free unauthorized copyrighted works that the Plaintiff spends millions of dollars to create and/or distribute.  Each time a Defendant unlawfully distributes a free copy of the Plaintiff's copyrighted motion picture to others over the Internet, each person who copies that motion picture can then distribute that unlawful copy to others without any significant degradation in sound and picture quality.  Thus, a Defendant's distribution of even one unlawful copy of a motion picture can result in the nearly instantaneous worldwide distribution of that single copy to a limitless number of people.  The Plaintiff now seeks redress for this rampant infringement of their exclusive rights.

7.   Plaintiff West Bay One, Inc. is a Florida Corporation, with its principal place of business at 601 Cleveland Street, Suite 930, Clearwater, Florida 33755.  West Bay One, Inc. ("WBO") is engaged in the production, acquisition, and distribution of motion pictures for theatrical exhibition, home entertainment, and other forms of distribution.  WBO is the owner of the copyrights and/or the pertinent exclusive rights under copyright in the United States in the motion picture that has been unlawfully distributed over the Internet by the Defendants.

8.   The true names of Defendants are unknown to the Plaintiff at this time.  Each Defendant is known to the Plaintiff only by the Internet Protocol ("IP") address assigned to that Defendant by his or her Internet Service Provider on the date and at the time at which the infringing activity

of each Defendant was observed.  The Plaintiff believes that information obtained in discovery will lead to the identification of each Defendant's true name and permit the Plaintiff to amend this Complaint to state the same.

## COUNT I
## INFRINGEMENT OF COPYRIGHTS

9.  The Plaintiff is responsible for the creation, development, production, and distribution of the commercially released motion picture titled "The Steam Experiment," also known as "The Chaos Experiment," starring, *inter alia*, Val Kilmer, Armand Assante, and Patrick Muldoon that has significant value and has been produced and created at considerable expense.

10. At all relevant times the Plaintiff has been the holder of the pertinent exclusive rights infringed by Defendants, as alleged hereunder, for certain copyrighted motion pictures, including but not limited to the screenplay "Steam. No. 152-446" and the copyrighted motion picture "The Steam Experiment" a/k/a "The Chaos Experiment" (collectively, including derivative works, the "Copyrighted Motion Picture").  The Copyrighted Motion Picture is the subject of valid Certificate of Copyright Registrations # PA 1-657-673 issued by the Register of Copyrights.

11. The Copyrighted Motion Picture contains a copyright notice advising the viewer that the motion picture is protected by the copyright laws.

12. The Plaintiff is informed and believes that each Defendant, without the permission or consent of the Plaintiff, has used, and continues to use, an online media distribution system to distribute to the public, including by making available for distribution to others, the Copyrighted Motion Picture.  The Plaintiff has identified each Defendant, by the IP address assigned to that Defendant by his or her ISP on the date and at the time at which the infringing activity of each Defendant was observed, that has to date, without the permission or consent of the Plaintiff, distributed to the public, including by making available for distribution to others.  In doing so,

each Defendant has violated the Plaintiff's exclusive rights of reproduction and distribution. Each Defendant's actions constitute infringement of the Plaintiff's exclusive rights protected under the Copyright Act of 1976 (17 US.C. § 101 *et seq.*).

13. The foregoing acts of infringement have been willful, intentional, and in disregard of and with indifference to the rights of the Plaintiff.

14. As a result of each Defendant's infringement of the Plaintiff's exclusive rights under copyright, the Plaintiff is entitled to relief pursuant to 17 US.C. § 504 and to its attorneys' fees and costs pursuant to 17 US.C. § 505.

15. The conduct of each Defendant is causing and, unless enjoined and restrained by this Court, will continue to cause the Plaintiff great and irreparable injury that cannot fully be compensated or measured in money. The Plaintiff has no adequate remedy at law.  Pursuant to 17 U.S.C. §§ 502 and 503, the Plaintiff is entitled to injunctive relief prohibiting each Defendant from further infringing the Plaintiff's copyright and ordering that each Defendant destroy all copies of Copyrighted Motion Picture made in violation of the Plaintiff's copyrights.

**WHEREFORE,** the Plaintiff prays for judgment against each Defendant as follows:

1.   For entry of preliminary and permanent injunctions providing that each Defendant shall be enjoined from directly or indirectly infringing the Plaintiff's rights in the Copyrighted Motion Picture and any motion picture, whether now in existence or later created, that is owned or controlled by the Plaintiff ("the Plaintiff's Motion Pictures"), including without limitation by using the Internet to reproduce or copy the Plaintiff's Motion Pictures, to distribute the Plaintiff's Motion Picture, or to make the Plaintiff's Motion Pictures available for distribution to the public, except pursuant to a lawful license or with the express authority of the Plaintiff.  Defendant also shall destroy all copies of the Plaintiff's Motion Pictures that Defendant has downloaded onto

any computer hard drive or server without the Plaintiff's authorization and shall destroy all copies of those downloaded motion pictures transferred onto any physical medium or device in each Defendant's possession, custody, or control.

2.   For actual damages or statutory damages pursuant to 17 U.S.C. § 504, at the election of the Plaintiff.

3.   For the Plaintiff's costs.

4.   For the Plaintiff's reasonable attorneys' fees.

5.   For such other and further relief as the Court deems proper.


Respectfully Submitted,

WEST BAY ONE, INC.,

**DATED**:  March 22, 2010

By:   _____
        Thomas M. Dunlap (D.C. Bar # 471319)
        Ellis L. Bennett (D.C. Bar # 479059)
        David Ludwig (D.C. Bar # 975891)
        Nicholas A. Kurtz (D.C. Bar # 980091)
        DUNLAP, GRUBB & WEAVER, PLLC
        1200 G Street, NW Suite 800
        Washington, DC 20005
        Telephone: 202-316-8558
        Facsimile: 202-318-0242
        tdunlap@dglegal.com
        *Attorneys for the Plaintiff*