UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **WEST BAY ONE, INC.,**<br><br>    Plaintiff,<br><br>        v.<br><br>**DOES 1 - 2,000,**<br><br>    Defendants. | Civil Action No.  10-0481  (JDB) |

## ORDER

West Bay One, Inc. has filed a complaint for copyright infringement against a number of unidentified defendants who have allegedly copied or distributed a motion picture for which West Bay One holds the exclusive licensing and copyrights.  Currently before the Court is [3] West Bay One's motion for expedited discovery.  Specifically, West Bay One seeks to serve Rule 45 subpoenas on several non-party Internet Service Providers ("ISPs") prior to a Rule 26(f) conference.  It hopes this discovery will allow it to determine the identities of the unidentified defendants.

According to West Bay One's complaint, each unidentified defendant used an online media distribution system to download West Bay One's copyrighted works, distribute these works to the public, and/or make copyrighted works available for distribution to others.  Compl. ¶ 12.  Although it does not know the defendants' names, West Bay One has identified each defendant by a unique internet protocol ("IP") address assigned by the ISP to that defendant on the date and at the time of the allegedly infringing activity.  Compl. ¶ 12.

Without the information sought by this motion, West Bay One argues, its suit cannot

proceed. Accordingly, the Court will grant West Bay One's motion for expedited discovery. West Bay One may serve Rule 45 subpoenas on the ISPs that it has identified as possessing information relating to the unidentified defendants' IP addresses. See Pl.'s Mot. for Expedited Discovery [Docket Entry 3], Ex. C. These subpoenas may seek information sufficient to identify each defendant, including name, address, telephone number, email address, and media access control address. If an ISP cannot itself identify one or more of the unidentified defendants, but does identify another ISP as the entity that provided online services and/or network access to such defendants, West Bay One may serve a subpoena on the latter ISP as well.

Any information disclosed to West Bay One in response to the Rule 45 subpoenas may be used by it solely for the purpose of protecting its rights as set forth in the Complaint. If and when an ISP is served with a subpoena, the ISP shall give written notice, which may include email notice, to the subscribers in question within five business days. If an ISP and/or any defendant wishes to move to quash the subpoena, the party must do so before the return date of the subpoena, which shall be fifteen (15) days from the subpoena's date of service. The ISP shall preserve any subpoenaed information pending the resolution of any timely filed motion to quash. West Bay One shall serve each ISP with a copy of this Order along with its subpoena.

Accordingly, it is hereby

**ORDERED** that [3] plaintiff's motion for expedited discovery is **GRANTED**.

**SO ORDERED.**

/s/
JOHN D. BATES
United States District Judge

Date: April 13, 2010