EXHIBIT 3

# Thomas M. Dunlap

| | |
|---|---|
| **From:** | Goldberg, Craig [craig.goldberg@twcable.com] |
| **Sent:** | Friday, March 19, 2010 3:48 PM |
| **To:** | Thomas M. Dunlap |
| **Subject:** | RE: Subpoenas to TWC |

Thank you.

You too.

---

**From:** Thomas M. Dunlap [mailto:tdunlap@dglegal.com]
**Sent:** Friday, March 19, 2010 3:47 PM
**To:** Goldberg, Craig
**Cc:** Dzujna, Christine; Jeffrey Weaver; Nicholas Kurtz; Suter, Robert
**Subject:** RE: Subpoenas to TWC

Craig,

We may need to request more subpoenas, however we will discuss this with you before we send it over so we can work out a timetable and method.  Have a great weekend.
Tom

```
Best Regards,
Thomas M. Dunlap
Dunlap, Grubb & Weaver
202.316.8558  - 703.777.3885
```
dglegal.com
```
This message may be confidential or privileged. If you are not the intended recipient; any
disclosure, copying, or use of the contents is prohibited.  If you have received this e-mail
in error, please notify us and delete the message without copying or disclosing it.
```

---

**From:** Goldberg, Craig [mailto:craig.goldberg@twcable.com]
**Sent:** Friday, March 19, 2010 3:16 PM
**To:** Thomas M. Dunlap
**Cc:** Dzujna, Christine; Jeffrey Weaver; Nicholas Kurtz; Suter, Robert
**Subject:** RE: Subpoenas to TWC

Tom, that sounds fine.

Please make the checks payable to Time Warner Cable Inc. and mail them to:

> Time Warner Cable
> Subpoena Compliance
> 13820 Sunrise Valley Drive
> Herndon, VA 20171
>         Attn: Rob Suter

Craig

1

**From:** Thomas M. Dunlap [mailto:tdunlap@dglegal.com]
**Sent:** Friday, March 19, 2010 11:11 AM
**To:** Goldberg, Craig
**Cc:** Dzujna, Christine; Jeffrey Weaver; Nicholas Kurtz
**Subject:** RE: Subpoenas to TWC

Craig,

We will send over payment (what address? payable to?) (for $715 for G2  and $422.50 for WFE) today for the subpoena responses below for each subpoena at $32.50 per subpoena. With respect to your other suggestions they sound reasonable, if you would agree to keep the costs to $32.50 per subpoena, we could limit the volume and grant an automatic extension of time. With respect to the order in G2 – we had nothing to do with the timelines – that judge requires (be her own special internal order) a full electronic case filing management system which means we don't even get to submit proposed orders – she did that sua sponte. We have just filed two more cases (larger ones) and have submitted a proposed order already but will give TWC an extension if needed. Likewise, with respect to the 28 IP addresses per month – how about we would agree to send you our IP address list- say it was 60 IPs – and you could have two months, in lieu of issuing separate subpoenas. Do you think that would work for you? This way we are not losing infringers from a stale data perspective, we are keeping your costs down and your volume manageable.

Let me know what you think on this.

Tom

```
Best Regards,
Thomas M. Dunlap
Dunlap, Grubb & Weaver
202.316.8558  - 703.777.3885
dglegal.com
This message may be confidential or privileged. If you are not the intended recipient; any
disclosure, copying, or use of the contents is prohibited.  If you have received this e-mail
in error, please notify us and delete the message without copying or disclosing it.
```

**From:** Goldberg, Craig [mailto:craig.goldberg@twcable.com]
**Sent:** Friday, March 19, 2010 10:33 AM
**To:** Thomas M. Dunlap
**Cc:** Dzujna, Christine
**Subject:** Subpoenas to TWC

Tom, this is to give you a quick update on the subpoenas that you served on us for G2 and Worldwide and to discuss a few other items.

CURRENT SUBPOENAS

With respect to G2, there were 32 IP addresses within your request.  8 of these related to either other ISPs or were too old for us to respond.  Of the remaining 24, we have been able to identify 22 of the associated customers and we have provided notice to them.  Pending receipt of payment, we are prepared to provide you with responses on or about April 1.

With respect to Worldwide, there were 162 IP addresses within your request.  149 of these related to either other ISPs or were too old for us to respond.  Of the remaining 13, we have been able to identify each of the associated customers and we plan on completing notice to each of these people by early next week.  Pending receipt of payment, we are prepared to provide you with responses on or about April 9.

We have already received notice of one motion to quash relating to the G2 subpoena. We will maintain the data for this customer (and for any others that object before we respond on G2 or any other subpoenas that you serve us with) should the court deny the motion, but we will not answer as to these people until the court rules.

COST STUDY

We have updated our cost study (attached). The new result is that it costs us at least $45/look up for us to respond to your subpoenas. We had quoted you a figure of $32.50/look up and, at least for now, we will stay at that rate.

FUTURE SUBPEONAS

With respect to future subpoenas, we request the following items:

- Please try to persuade the judges to not mandate a very short timetables for us to notify our customers. This created a lot of unnecessary waste and expense in the G2 subpoena.
- At the time you file your request for a discovery order, please simultaneously send to TWC a list of the associated IP addresses. This will allow us to do some preliminary identification work while the judge is considering your request.  We will not provide notice to customers until we get the court order, but receipt of a pre-notice should allow us to decrease the amount of time between receipt of the signed order and notice to our customers;
- Today, our subpoena compliance team is working at full capacity with virtually all of the requests coming from law enforcement. Many of these requests relate to quite serious criminal issues such as child endangerment. Any time that TWC spends in responding to the requests that we receive from your clients, slows down our responses to law enforcement. While we understand that civil process and your clients' claims are important, we do not want to unduly delay law enforcement. The compromise that we propose is that you agree to limit the number of lookups per month that you send to TWC to a reasonable amount (say no more than 5% of the current law enforcement monthly volume (28 requests per month)). While this would still delay responses to law enforcement, it would be a relatively modest delay.

Please let me know your thoughts on the above.

Thank you.

Craig

This E-mail and any of its attachments may contain Time Warner
Cable proprietary information, which is privileged, confidential,
or subject to copyright belonging to Time Warner Cable. This E-mail
is intended solely for the use of the individual or entity to which
it is addressed. If you are not the intended recipient of this
E-mail, you are hereby notified that any dissemination,
distribution, copying, or action taken in relation to the contents
of and attachments to this E-mail is strictly prohibited and may be
unlawful. If you have received this E-mail in error, please notify
the sender immediately and permanently delete the original and any
copy of this E-mail and any printout.
This E-mail and any of its attachments may contain Time Warner
Cable proprietary information, which is privileged, confidential,
or subject to copyright belonging to Time Warner Cable. This E-mail
is intended solely for the use of the individual or entity to which
it is addressed. If you are not the intended recipient of this
E-mail, you are hereby notified that any dissemination,
distribution, copying, or action taken in relation to the contents
of and attachments to this E-mail is strictly prohibited and may be

unlawful. If you have received this E-mail in error, please notify
the sender immediately and permanently delete the original and any
copy of this E-mail and any printout.
This E-mail and any of its attachments may contain Time Warner
Cable proprietary information, which is privileged, confidential,
or subject to copyright belonging to Time Warner Cable. This E-mail
is intended solely for the use of the individual or entity to which
it is addressed. If you are not the intended recipient of this
E-mail, you are hereby notified that any dissemination,
distribution, copying, or action taken in relation to the contents
of and attachments to this E-mail is strictly prohibited and may be
unlawful. If you have received this E-mail in error, please notify
the sender immediately and permanently delete the original and any
copy of this E-mail and any printout.