IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WEST BAY ONE, INC. )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DOES 1-2,000 )<br>)<br>Defendant. )<br>)<br>_____) | CA. 1:10-cv-00481-RMU |

## DECLARATION OF SETH SCHOEN

I, Seth Schoen, declare as follows:

1. I am a Senior Staff Technologist with the Electronic Frontier Foundation (EFF), and I make this declaration on my own personal knowledge.

2. The purpose of this declaration is to set forth facts, which were readily available to Plaintiff from free, public Internet sources at and before the time they filed suit, that establish that many of the unnamed defendants in the above-referenced case (hereinafter "Does") use Internet connections physically located far from this District and therefore are likely not located in this District.

3. By reviewing Exhibit A to the Complaint, I compiled a list of the Internet Protocol (IP) addresses that Plaintiff attributes to each of the Doe defendants.

4. There are many tools freely available to the public that help reveal where a person using a particular IP address is likely to be physically located. This process is often referred to as "geolocation." This information is commonly used for many purposes, such as customizing the language or content of web sites based on inferences about where visitors are accessing the site from.

5. One means of learning about where an IP address is physically located is known as "reverse domain name service lookup" or "reverse DNS". When an Internet service provider ("ISP") allocates or prepares to allocate IP addresses to customers, it typically creates and

publishes database records assigning a human-readable "domain name" to each numerical IP address. The reverse lookup information can be obtained by anyone using a program such as "host", or with web-based tools such as the DNS lookup service at <http://emailstuff.org/>.

6. One of the purposes of reverse DNS is to help interested parties learn more about what a computer is used for, what organization's network it is connected to, and, in many cases, where the computer is physically located. Typically, for home users of dial-up or broadband connections, such as DSL or cable-modem services, a domain name obtained from reverse DNS will identify which ISP assigned the IP address.

7. In addition, such a domain name will frequently incorporate an approximate physical location, such as the name of a municipal area, state, or region. For example, one of the Does being sued here is identified by the IP address 75.132.222.220 and described by the Plaintiff as a subscriber of Charter Communications. The reverse DNS database identifies this computer as 75-132-222-220.dhcp.stls.mo.charter.com, confirming the Plaintiff's suggestion that this Doe is a Charter customer, but adding the additional detail that the likely physical location of the computer is in or near St. Louis, Missouri. This means that in all likelihood, the individual who used this IP address is located in or near St. Louis, Missouri.

8. I looked at 264 IP addresses that were referenced in this suit. For each of the 264 IP addresses alleged by Plaintiff to belong to a Doe defendant, I used the "host" program to perform a reverse lookup against the publicly-accessible reverse DNS service.

9. The results of this process generally confirmed Plaintiff's association of particular IP addresses with particular ISPs. Additionally, the results of this process generally suggested a geographic location for most individual defendants. In other words, most of the Does listed in this lawsuit can be associated by the host reverse DNS look up with both an Internet service provider and a geographic location.

10. For purposes of this Declaration, I separated out the addresses of those Does whom this method suggests are subscribers of Time Warner Cable's Road Runner service (rr.com). These ten Does are identical to the ten listed as Road Runner subscribers in Exhibit C to the

Complaint. I have attached hereto as Exhibit A to this Declaration a list of the reverse DNS names of the ten Doe IP addresses that my investigations associated with the Road Runner Internet service.

11. Reverse DNS records indicate that Does in this lawsuit include Time Warner Cable customers with Internet connections located in or near Southern California; New York City; the Tampa Bay Area in Florida; Columbus, Ohio; and other states and regions. However, none of the ten Time Warner Cable subscriber Does appears by this means to be located in this District.

12. Reverse DNS records also indicate that Does in this lawsuit who are subscribers of other ISPs are similarly located in many different locations throughout the United States.

13. In addition to reverse DNS information, another means of learning where an IP address is located is to use a public database operated by the American Registry for Internet Numbers ("ARIN database"). ARIN is the authority responsible for the initial allocation of IP addresses to ISPs located in the United States. ARIN maintains public records indicating to whom a given IP address has been allocated. Large ISPs, such as Time Warner Cable, may apply to ARIN multiple times to receive multiple "blocks" or ranges of IP addresses. Each such block may be dedicated to a particular purpose or geographic area.

14. The ARIN database can be searched using a public web site provided by ARIN, or by using a program called "whois".

15. Because DSL and cable modem connections are provided from local hubs to users in a particular geographic region, there is good reason to believe that the geographic location data obtained by these methods actually reflects the physical location of the Internet connection, at least in general terms. In other words, the geographic designations obtained by these methods likely indicate the approximate locations of the residences or other venues where the Does use their Internet-connected computers.

16. In my experience, computer professionals are generally aware of the existence and function of the reverse DNS and whois services, and would use either or both when they needed to learn where a given IP address was physically located. These techniques are readily and

easily available to Plaintiffs, their attorney, and to the computer professionals they have employed to perform the investigations leading to this lawsuit.

17. Declarants for Plaintiff appeared to refer to the whois service or a related service when they explained how to determine which ISPs should receive subpoenas for customer information. See, e.g., Declaration of Patrick Achache at paragraph 13 ("[p]ublicly available databases located on the Internet list the IP address ranges assigned to various ISPs"). When Plaintifff's declarants used the whois service in this way, they would have been expressly presented with various geographic information that could have helped advise the Plaintiff of where many Does were likely to be located. Indeed, Mr. Achache mentions that he can "trace the infringer's access to the Internet [...] in some instances, to a general geographic area." Id. at paragraph 12.

18. For the IP addresses about which I was able to derive some location information, either through reverse DNS or through the ARIN database, it appears that no greater percentage of these individuals is located in or near Washington, D.C. than one would expect to be true in any random sampling of Americans. In other words, almost all of the individuals appear to be located outside of the D.C. area. This is true without exception for the ten addresses associated with Time Warner Cable.

I declare under penalty of perjury under the laws of the State of Oregon that the foregoing is true and correct and that this document was executed in Portland, Oregon.

Dated: June 1, 2010                                By: _____

## EXHIBIT A

CPE-24-160-248-91.wi.res.rr.com.

252-189.187-72.tampabay.res.rr.com.

cpe-71-72-250-43.columbus.res.rr.com.

CPE-70-92-227-87.wi.res.rr.com.

cpe-76-168-15-37.socal.res.rr.com.

cpe-72-181-77-148.satx.res.rr.com.

cpe-065-188-048-126.sc.res.rr.com.

cpe-71-72-73-213.columbus.res.rr.com.

CPE-65-25-161-226.wi.res.rr.com.

cpe-24-58-67-57.twcny.res.rr.com.