UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| **WEST BAY ONE, INC.,** )<br>)<br>    **Plaintiff,** )<br>)<br>v. )<br>)<br>**DOES 1 – 2,000** )<br>)<br>    **Defendants.** )<br>_____ ) | CA. 1:10-cv-00481-RMC |

**PLAINTIFF'S OPPOSITION TO MOTION TO QUASH SUBPOENA FILED BY JOHN DOE (IP ADDRESS 96.242.241.152) [DOC. NO. 14]**

## TABLE OF CONTENTS

I. INTRODUCTION ..................................................................................................1

II. ARGUMENT .......................................................................................................2

   A. STANDARDS ON MOTIONS TO QUASH.................................................2

   B. PLAINTIFF HAS ALREADY SHOWN GOOD CAUSE TO OBTAIN DISCOVERY AND HAS MADE A PRIMA FACIE SHOWING THAT DEFENDANT DID INFRINGE PLAINTIFF'S COPYRIGHTS .......................................................................4

   C. DEFENDANT JOHN DOE'S ARGUMENTS ARE MISPLACED .............................5

      1. Defendant John Doe's argument that he did not engage in the alleged infringement is inappropriate on a motion to quash ............................................................5

      2. Defendant John Doe's reliance on cases decided under the Copyright Act Section 512 is misplaced in this case ..................................................................6

      3. Defendant John Doe's argument that the subpoena is defective under Rule 45 is similarly misplaced ................................................................................9

   C. DEFENDANT HAS NOT SHOWN THAT THE INFORMATION REQUESTED IS PRIVILEGED OR CONFIDENTIAL ...............................................................9

III. CONCLUSION...................................................................................................11

TABLE OF AUTHORITIES

**Cases**

Amobi v. D.C. Dept. of Corrections, 257 F.R.D. 8 (D.D.C. 2009) .................................................3

Arista Records, LLC v. Doe No. 1, 254 F.R.D. 480 (E.D.N.C. 2008) .........................................10

Arista Records LLC v. Does 1-19, 551 F. Supp. 2d 1 (D.D.C. 2008) ......................................6, 10

Arista Records LLC v. Does 1-27, 584 F.Supp.2d 240 (D.Me. 2008) ...........................................8

Caroline Records, Inc., et al. v. Does 1-175, Case No. 04 2028 (D.D.C.) ...................................11

Covad Commun'ns Co. v. Revonet, Inc., No. 09-MC-102, 2009 WL 3739278
    (D.S.D. Nov. 4, 2009) ..............................................................................................................2

Fonovisa, Inc. v. Does 1-9, 2008 WL 919701 (W.D.Pa.) ...............................................................4

Guest v. Leis, 255 F.3d 325 (6th Cir. 2001) .................................................................................10

Heat & Control, Inc. v. Hester Indus., Inc., 785 F.2d 1017 (Fed.Cir. 1986) .............................. 3-4

Horizons Titanium Corp. v. Norton Co., 290 F.2d 421 (1st Cir. 1961) .........................................3

In re Charter Communications, Inc., 393 F.3d 771 (8th Cir. 2005) ...........................................6, 8

Interscope Records v. Does 1-14, 558 F.Supp.2d 1176 (D. Kan. 2008) ......................................10

Lions Gate Films, Inc., et al. v. Does 1-5, Case No. 05-386 (EGS) (D.D.C.) ..............................11

Metro-Goldwyn-Mayer Pictures Inc., et al. v. Does 1-10, Case No. 04-2005 (JR) (D.D.C.) .......11

Northrop Corp. v. McDonnell Douglas Corp., 751 F.2d 395 (D.C.Cir. 1984) ...............................3

Novak v. Capital Mgmt. & Dev. Corp., 241 F.R.D. 389 (D.D.C. 2007) ........................................3

Recording Indus. Ass'n of Am. v. Verizon Internet Servs., Inc., 351 F.3d 1229 (D.C. Cir. 2003)6, 8

Sony Music Entm't, Inc. v. Does 1–40, 326 F.Supp.2d 556 (S.D.N.Y. 2004) ..............................10

Twentieth Century Fox Film Corp., et al. v. Does 1-9, Case No. 04-2006 (EGS) (D.D.C.) .........11

UMG Recordings, et al. v. Does 1-199, Case No. 04-093 (CKK) (D.D.C.) ..................11

U.S. v. Hambrick, 55 F.Supp.2d 504 (W.D. Va. 1999) ..................10

U.S. v. Int'l Bus. Mach. Corp., 83 F.R.D. 97 (S.D.N.Y. 1979) ..................3

Warner Bros. Records, Inc. v. Does 1-6, 527 F.Supp.2d 1 (D.D.C. 2007) ..................11

Washington v. Thurgood Marshall Academy, 230 F.R.D. 18 (D.D.C. 2005) .............. 2-3

Westinghouse Electric Corp. v. City of Burlington, 351 F.2d 762 (D.C.Cir. 1965) ..................3

**Statutes**

17 U.S.C. §512.................................................................. 6, 7-8

Fed. R. Civ. P., Rule 26 ..................2

Fed. R. Civ. P., Rule 45 ..................2, 8

Fed. R. Civ. P., Rule 45 Comment C45-2..................9

**MEMORANDUM OF POINTS AND AUTHORITIES**

I. INTRODUCTION

Plaintiff's Motion for Leave to Take Discovery Prior to the Rule 26(f) Conference was granted by this court on April 13, 2010.[1]  Pursuant to that order, Plaintiff served various non-party Internet Service Providers ("ISPs") with subpoenas to identify the Doe Defendants.

To briefly summarize Plaintiff's motion for discovery, Plaintiff has identified certain Defendants who have unlawfully copied and distributed Plaintiff's motion picture, *"The Steam Experiment a/k/a The Chaos Experiment"* (the "Movie"), over the Internet.  At this point, Plaintiff has only been able to identify the Doe Defendants by their Internet Protocol ("IP") and the date and time of alleged infringement.  The only way that Plaintiff can determine Defendants' actual names is from the ISPs to which Defendants subscribe and from which Defendants obtain Internet access, as this information is readily available to the ISPs from documents they keep in the regular course of business.

In response to the subpoenas, the ISPs contacted their subscribers for which Plaintiff identified an infringing IP address on the date and time of alleged infringement.  On or about June 2, 2010, one of the Doe Defendants filed a motion (1) to seal identity and moving paper, (2) to proceed under pseudonym, and (3) to quash the subpoena served on Verizon.  [Document Number 14][2]  Because the motion to quash does not provide good cause for quashing the subpoena, Plaintiff requests that the motion be denied in its entirety.

---

[1] The motion was granted and ordered entered by Judge John D. Bates, prior to the case being reassigned.  See Document Number 4.

[2] The court has granted Defendant John Doe's request to seal and proceed under the pseudonym of John Doe.  Accordingly, Plaintiff submits this opposition without a certificate of service and requests the court serve Defendant John Doe with this opposition, as the Clerk of the Court has retained Defendant John Doe's personal information under seal.

II. ARGUMENT

Defendant John Doe advances a number of arguments in his motion. Defendant John Doe's main argument is that the subpoena issued to Verizon has no legal basis under the Copyright Act. In passing Defendant John Doe also argues that the subpoena violates Rule 45, that disclosure of his information to Plaintiff would be against his "right to remain anonymous and private," and that did not commit the alleged infringement. Motion at ¶¶ 4 and 11. However, all of these arguments are misplaced. Because this Doe Defendant has shown no good cause to quash the subpoena, the motion should be denied in its entirety.

    A. STANDARDS ON MOTIONS TO QUASH

A person served a discovery subpoena may move either for a protective order under Rule 26(c) or for an order quashing or modifying the subpoena under Rule 45(c)(3). Rule 26(c) authorizes district courts, upon a showing of "good cause" by "a party or by the person from whom discovery is sought" to "make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Rule 45(c)(3) provides that the court may quash or modify the subpoena if it requires disclosure of privileged or other protected matter, if no exception or waiver applies, or if it subjects a person to undue burden.

"Ordinarily a party does not have standing to object to a subpoena served on a non-party, but a party does have standing to object to a subpoena served upon a non-party which requires the production of privileged information." Covad Commun'ns Co. v. Revonet, Inc., No. 09-MC-102, 2009 WL 3739278, at *3 (D.S.D. Nov. 4, 2009) (citing E.E.O.C. v. Danka Indus., Inc., 990 F. Supp. 1138, 1141 (E.D.Mo.1997)); Washington v. Thurgood Marshall Academy, 230 F.R.D.

18, 21 (D.D.C. 2005) (Facciola, J.) ("A motion to quash, or for a protective order, should generally be made by the person from whom the documents or things are requested." [citing 9A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2459 (2d ed.1995)]).

However, that standing to object may be limited to only challenging the subpoena on the grounds that it requires disclosure of information "privileged at common law or by statute or rule" and not any other grounds.  See, e.g., Novak v. Capital Mgmt. & Dev. Corp., 241 F.R.D. 389, 394 (D.D.C. 2007) (Facciola, J.) (stating that "[t]o make a legitimate claim of privilege the Defendants would have had to show some reason to believe that the subpoena threatened the disclosure of information that was protected by a privilege that *these* Defendants could claim") (emphasis added); Amobi v. D.C. Dept. of Corrections, 257 F.R.D. 8, 9-10 (D.D.C. 2009) (Facciola, J.); compare generally Washington v. Thurgood Marshall Academy, supra (not addressing standing arguments and deeming motions to quash as, in the alternative, motions for a protective order under Rule 26).

The burden of persuasion in a motion to quash a subpoena is borne by the movant, and the "burden is particularly heavy to support a 'motion to quash as contrasted to some more limited protection.'"  Westinghouse Electric Corp. v. City of Burlington, 351 F.2d 762, 766 (D.C.Cir. 1965) (denying a motion to quash supported by two affidavits); US. v. Int'l Bus. Mach. Corp., 83 F.R.D. 97, 104 (S.D.N.Y. 1979); Horizons Titanium Corp. v. Norton Co., 290 F.2d 421, 425 (1st Cir. 1961); see Northrop Corp. v. McDonnell Douglas Corp., 751 F.2d 395, 403-04 (D.C.Cir. 1984).  The district court must balance "the relevance of the discovery sought, the requesting party's need, and the potential hardship to the party subject to the subpoena." Heat & Control, Inc. v. Hester Indus., Inc., 785 F.2d 1017, 1024 (Fed.Cir. 1986) (citing Deitchman v. E.R. Squibb & Sons, Inc., 740 F.2d 556, 560, 564 (7th Cir. 1984)).

Additionally, on a motion to quash a subpoena, the merits of a defendant's defenses are not at issue.  See Fonovisa, Inc. v. Does 1-9, 2008 WL 919701, *8 (W.D.Pa.) (stating that "[i]f Doe # 3 believes that it has been improperly identified by the ISP, Doe # 3 may raise, at the appropriate time, any and all defenses, and may seek discovery in support of its defenses").

### B. PLAINTIFF HAS ALREADY SHOWN GOOD CAUSE TO OBTAIN DISCOVERY AND HAS MADE A PRIMA FACIE SHOWING THAT DEFENDANT DID INFRINGE PLAINTIFF'S COPYRIGHTS.

The court has already determined that Plaintiff has met its threshold burden to obtain further information about the Doe Defendants by identifying the Doe Defendants with sufficient specificity and showing that Plaintiff's suit can withstand a motion to dismiss.  As more fully set out in Plaintiff's Motion for Leave to Take Discovery Prior to the Rule 26(f) Conference [Doc. No. 3], Plaintiff identified the unique IP address for each Defendant, along with the date and time of alleged infringement and ISP that provided Internet access to each Defendant and assigned the unique IP address to the Defendant, from information provided to it by Guardaley, Limited.  This information was obtained by Guardaley's proprietary tracing software program to trace the IP address for each Defendant, as detailed in the declarations of Benjamin Perino and Patrick Achache.  However, Plaintiff is unable to obtain the true identity of the Doe Defendants without issuing subpoenas to the non-party ISPs, and the Defendants must be identified before this suit can progress further.  Therefore, Plaintiff has already demonstrated good cause for the requested information.

Further, Plaintiff has made a prima facie evidentiary showing that the IP addresses it has identified and subpoenaed to various ISPs did make an unlawful download of Plaintiff's Movie

on a specific date and time. Again, Plaintiff utilized proprietary technology developed and instituted by Guardaley that detects the unauthorized distribution of movies and other audiovisual content and files over online media distribution systems. See Achache Declaration (filed as Exhibit B to Plaintiff's Motion for Leave to Take Discovery [Doc. No. 3]) ¶ 4. Accordingly, Defendants' IP addresses at the time of the alleged infringement were included in this case because they were offering files corresponding to Plaintiff's Movie for unlawful transfer or distribution. See id. at ¶ 8. In fact, Guardaley actually downloaded Plaintiff's Movie from the IP address assigned to these Defendants, just as it does with all Doe Defendants. See id. at ¶ 9. Lastly, Guardaley confirmed that the files that Defendants distributed were actually Plaintiff's Movie by watching both and comparing them. Id. at ¶¶ 16-17.

    C.  DEFENDANT JOHN DOE'S ARGUMENTS ARE MISPLACED.

        1.  <u>Defendant John Doe's argument that he did not engage in the alleged infringement is inappropriate on a motion to quash.</u>

Defendant John Doe states that he "did not download or up load the movie mentioned in the subpoena." Motion at ¶ 4. However, Defendant John Doe's argument is misplaced and does not address the requirements for a motion to quash. Again, the merits of the case, or Defendant John Doe's defenses, are not at issue at this stage of the case. The court only considers the relevance of the discovery sought, the requesting party's need, and the potential hardship to the party subject to the subpoena.

Here, Plaintiff has already demonstrated good cause for the subpoena in that the information is absolutely necessary in this case so that Plaintiff can ascertain the true identities of the alleged infringing Doe Defendants and that Plaintiff can only obtain the information by

issuing subpoenas to the ISPs. In contrast, Defendant John Doe has not shown any annoyance, embarrassment, oppression, or any undue burden or hardship he would incur if the information is divulged to Plaintiff. Additionally, Defendant John Doe has not claimed that the subpoena is unreasonable or oppressive, because he cannot.[3] Lastly, Defendant John Doe has not shown why quashing the subpoena is necessary when other, more limited methods are available to address any concerns.[4]

### 2. Defendant John Doe's reliance on cases decided under the Copyright Act Section 512 is misplaced in this case.

Defendant John Doe argues that Verizon is not required to divulge customers' personal information in response to a subpoena. Motion at ¶ 9. Defendant John Doe relies on cases decided under the subpoena provision of the Digital Millennium Copyright Act (17 U.S.C. § 512(h)). Id. (citing Recording Indus. Ass'n of Am. v. Verizon Internet Servs., Inc., 351 F.3d 1229 (D.C. Cir. 2003); In re Charter Communications, Inc., 393 F.3d 771 (8th Cir. 2005)). However, this reliance is severely misplaced, as those cases and statute are inapplicable to the subpoena in this case, which was issued as a standard Rule 45 subpoena.

First, Defendant John Doe has not established how he even has standing to assert that the subpoena is without legal basis. As Defendant John Doe aptly points out, Verizon has not objected to the subpoena at issue. See Motion at ¶ 7. While Defendant John Doe may have

---

[3] Defendant John Doe cannot claim that responding to the subpoena would cause him any burden because he is not the one that has to respond to the subpoena, Verizon does.

[4] In a case almost identical to this case, this court denied a motion to quash by a doe defendant wherein the court held that the subpoena complied with the Federal Rules of Civil Procedure whether under a good cause standard or prima facie showing of copyright infringement. Arista Records LLC v. Does 1-19, 551 F. Supp. 2d 1, 7 (D.D.C. 2008) (Kollar-Kotelly, C.).

6

standard to object based on the argument that the subpoena requires production of privileged information, his standing should be limited to that argument.

In fact, it is unclear whether this Defendant John Doe even has standing to bring his motion at all. Defendant John Doe states that "the letter enclosing the subpoena to Verizon Internet was not addressed to me." Motion at ¶ 4. While Defendant John Doe claims that he is "the owner of the IP address – 96.242.241.152," he also states that Verizon informed him that his IP address is a "dynamic address," meaning that Defendant John Doe's IP address changes each time he logs onto Verizon's network. Compare Motion ¶ 4 with ¶ 8. Therefore, it is unclear whether Defendant John Doe was assigned IP address 96.242.241.152 at the date and time of alleged infringement and whether he is the Verizon account holder for which Verizon will produce identifying information in response to the subpoena.

Second, Defendant John Doe's reliance on the Digital Millennium Copyright Act and its cases is inapplicable in this case. Specifically, Title II of the Digital Millennium Copyright Act, codified at 17 U.S.C. § 512, provides certain limitations on the liability of ISPs for copyright infringement occurring over their networks. In order to absolve ISPs of potential liability for facilitating copyright infringement, Section 512 provides a mechanism for copyright holders to notify ISPs of infringing activity so that both the copyright holders and the ISPs can take action. Within that mechanism, a copyright holder is able to obtain a subpoena from the clerk of the district court to be issued to an ISP to reveal the identity of the alleged direct infringer. See 17 U.S.C. §512(h).[5] This can be done before a case is even filed against alleged infringers, with the

---

[5] Defendant John Doe also argues that the subpoena is invalid because it was not issued by the court clerk. Motion at ¶ 12. However, because the subpoena was issued pursuant to Rule 45 and not 17 U.S.C. § 512, the issuance and signature by the attorney was sufficient. See Fed. R. Civ. P. Rule 45(a)(e).

intent of the statute being that the copyright holders can then pursue the alleged infringers directly and that the ISPs cannot then be held liable for contributing to the infringement if the statute is complied with.

In both cases cited by Defendant John Doe, Recording Indus. Ass'n of Am. v. Verizon Internet Servs., Inc., 351 F.3d 1229 (D.C. Cir. 2003) and In re Charter Communications, Inc., 393 F.3d 771 (8th Cir. 2005), the courts dealt with subpoenas issued under 17 U.S.C. § 512. Here, Plaintiff has not utilized the provisions of Section 512. Rather, Plaintiff has filed a standard complaint for copyright infringement against Doe Defendants and was granted the ability to conduct discovery pursuant to the Federal Rules of Civil Procedure. Therein, the subpoenas issued by Plaintiff fall under the provisions of Federal Rule of Civil Procedure, Rule 45.[6] Accordingly, Plaintiff does have a legal basis for issuing the subpoena to Verizon. See Arista Records LLC v. Does 1-27, 584 F.Supp.2d 240, 246-247, fn. 11, 253 (D.Me. 2008) (referencing Digital Millennium Copyright Act in similar case against alleged illegal downloaders but acknowledging plaintiffs' ability to conduct Rule 45 discovery).

### 3. Defendant John Doe's argument that the subpoena is defective under Rule 45 is similarly misplaced.

Defendant John Doe further argues that the subpoena is defective under Rule 45 because it does not contain the written notice provisions of Rule 45(c), (d). Motion at ¶ 11 (impliedly referring to notice requirement stated in Rule 45(a)(1)(4)). However, again, Defendant John Doe has not established how he has standing to assert this argument. Such standing is important for

---

[6] According to the order in this case, "West Bay One may serve Rule 45 subpoenas on the ISPs that it has identified as possessing information relating to the unidentified defendants' IP addresses." [Doc. No. 4 at p. 2]

this argument because the stated notice provisions "are concerned with advising *subpoenaed* persons of both their obligations and their rights." Comment C45-2 (emphasis added).

Notwithstanding, Defendant John Doe did receive notice of the subpoena and even his right to file a motion to quash. See Motion at ¶ 7.[7] This complied with the court's order, which stated that "[i]f and when an ISP is served with a subpoena, the ISP shall give written notice, which may include email notice, to the subscribers in question within five business days." [Doc. No. 4 at p. 2] Further, Defendant John Doe's motion to quash has been filed, thereby mooting any argument regarding notice.

### D. DEFENDANT JOHN DOE HAS NOT SHOWN THAT THE INFORMATION REQUESTED IS PRIVILEGED OR CONFIDENTIAL.

Defendant John Doe also argues that the release of his identifying information is against his "right to remain anonymous and private." Motion at ¶ 4.[8] However, he has not shown anything that would contradict the law and authority provided in Plaintiff's Motion for Leave to Take Discovery, stating that the Defendants in this case have no legitimate expectation of privacy in the subscriber information they provided to the ISPs, much less in downloading and distributing the copyrighted Movie without permission.

---

[7] Counsel for Plaintiff was only provided a redacted version of Defendant John Doe's motion, which did not include any exhibits or attachments. Accordingly, Plaintiff's counsel has not seen the letter from Verizon to Defendant John Doe or even the subpoena that Defendant John Doe attached to his motion to ascertain exactly what was given to him by Verizon.

[8] Defendant John Doe also argues that "the court should not disclose any names matching that address [IP address 96.242.241.152] in the interest of protecting internet privacy." Motion at ¶ 8. However, Defendant John Doe does not establish how he has standing or authority to make this argument on behalf of anyone else, including any other Doe Defendant in this case.

9

As further detailed in Plaintiff's Motion [Doc No. 3], a person using the Internet to distribute or download copyrighted music without authorization is not entitled to have their identity protected from disclosure under the First Amendment. See Interscope Records v. Does 1-14, 558 F.Supp.2d 1176, 1178 (D. Kan. 2008); see also Arista Records LLC v. Does 1-19, 551 F. Supp. 2d 1, 8-9 (D.D.C. 2008) (Kollar-Kotelly, C.) (finding that the "speech" at issue was that doe defendant's alleged infringement of copyrights and that "courts have routinely held that a defendant's First Amendment privacy interests are exceedingly small where the 'speech' is the alleged infringement of copyrights"); Guest v. Leis, 255 F.3d 325, 336 (6th Cir. 2001) ("computer users do not have a legitimate expectation of privacy in their subscriber information because they have conveyed it to another person—the system operator"); Sony Music Entm't, Inc. v. Does 1–40, 326 F.Supp.2d 556, 566 (S.D.N.Y. 2004) ("defendants have little expectation of privacy in downloading and distributing copyrighted songs without permission"); Arista Records, LLC v. Doe No. 1, 254 F.R.D. 480, 481 (E.D.N.C. 2008); U.S. v. Hambrick, 55 F. Supp. 2d 504, 508 (W.D. Va. 1999), aff'd, 225 F.3d 656 (4th Cir. 2000).

Additionally, Plaintiff is only seeking limited information sufficient to identify each Doe Defendant, and Plaintiff will only use that information in this lawsuit. As stated in the order, "any information disclosed to West Bay One in response to the Rule 45 subpoenas may be used by it solely for the purpose of protecting its rights as set forth in the Complaint…." [Doc. No. 4 at p. 2]. Therefore, Defendant John Doe is protected from any improper disclosure or use of his information.

III. CONCLUSION

Overall, Defendant John Doe has not demonstrated any reason to quash the subpoena. As fully laid out in Plaintiff's Motion for Leave to Take Discovery, which was granted by the court, courts have routinely allowed discovery to identify "Doe" defendants in cases almost identical to this one. See, e.g., Metro-Goldwyn-Mayer Pictures Inc., et al. v. Does 1-10, Case No. 04-2005 (JR) (D.D.C.) (Robertson, J.); Twentieth Century Fox Film Corp., et al. v. Does 1-9, Case No. 04-2006 (EGS) (D.D.C.) (Sullivan, E.); Lions Gate Films, Inc., et al. v. Does 1-5, Case No. 05-386 (EGS) (D.D.C.) (Sullivan, E.); UMG Recordings, et al. v. Does 1-199, Case No. 04-093 (CKK) (D.D.C.) (Kollar-Kotelly, C.); Caroline Records, Inc., et al. v. Does 1-175, Case No. 04 2028 (D.D.C.) (Lamberth, R.); see also Warner Bros. Records, Inc. v. Does 1-6, 527 F.Supp.2d 1, 2 (D.D.C. 2007).

Plaintiff has shown good cause for obtaining information related to the Doe Defendants from the non-party ISPs, especially when considering that these ISPs typically retain user activity logs containing the information sought for only a limited period of time before erasing the data. Therefore, the court should deny this motion to quash and at least allow Plaintiff the opportunity to conduct discovery and obtain evidence to prove the copyright infringement and irreparable harm in this case.

                                              Respectfully Submitted,

                                              WEST BAY ONE, INC.

**DATED**: June 8, 2010

                                     By:    <u>/s/ Nick Kurtz</u>
                                                 Thomas M. Dunlap (D.C. Bar # 471319)
                                                 Nicholas A. Kurtz (D.C. Bar # 980091)
                                               DUNLAP, GRUBB & WEAVER, PLLC
                                               1200 G Street, NW Suite 800
                                               Washington, DC 20005
                                               Telephone: 202-316-8558
                                               Facsimile: 202-318-0242
                                               tdunlap@dglegal.com
                                               nkurtz@dglegal.com
                                               *Attorney for the Plaintiff*