UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| WEST BAY ONE, INC., | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )  CA. 1:10-cv-00481-RMC |
| | ) |
| DOES 1 – 2,000 | ) |
| | ) |
|     Defendants. | ) |
| | ) |

## MOTION TO STRIKE SUPPLEMENTAL DECLARATION OF SETH SCHOEN; MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff, by counsel and pursuant to the Federal Rules of Civil Procedure, respectfully moves this Court for an order striking the Supplemental Declaration of Seth Schoen filed by Amici.  Plaintiff's memorandum of points and authorities in support of its motion is attached hereto.

                          Respectfully submitted,
                          WEST BAY ONE, INC.

**DATED**:  June 29, 2010

                By:   /s/ Thomas M. Dunlap
                        Thomas M. Dunlap (D.C. Bar # 471319)
                        Nicholas A. Kurtz (D.C. Bar # 980091)
                        DUNLAP, GRUBB & WEAVER, PLLC
                        1200 G Street, NW Suite 800
                        Washington, DC 20005
                        Telephone: 202-316-8558
                        Facsimile: 202-318-0242
                        tdunlap@dglegal.com
                        nkurtz@dglegal.com
                        *Attorneys for the Plaintiff*

**MEMORANDUM OF POINTS AND AUTHORITIES**

I. INTRODUCTION

The court is scheduled to hold a hearing on June 30, 2010 in regards to the order to show cause it issued to Plaintiff as to why Doe Defendants 2 through 2,000 should not be dismissed for misjoinder under Federal Rule of Civil Procedure 20.[1] The court seemingly issued its order to show cause in response to the *amicus curiae* brief filed by various organizations purportedly in support of Time Warner's motion to quash. In conjunction with its minute order, the court required Plaintiff to file a written response.

However, at no time did the court request or permit Amici to file additional documents. Nevertheless, Amici did just that and filed a Supplemental Declaration basically the day before the scheduled hearing. Not only is this Supplemental Declaration not authorized, it does not provide any additional legal authority for the court and is nothing more than factual argument. Therefore, Plaintiff respectfully requests that the court strike Mr. Schoen's supplemental declaration in its entirety.

II. ARGUMENT

    A.  APPLICABLE AUTHORITIES

Acting as a "friend of the court," amicus curiae should assist the court and not act as an advocate for any party. See U.S. v. Gotti, 755 F.Supp. 1157, 1159 (E.D.N.Y. 1991) ("Rather than seeking to come as a 'friend of the court' and provide the court with an objective, dispassionate, neutral discussion of the issues, it is apparent that the [amicus] has come as an advocate for one side, having only the facts of one side at the time. In doing so, it does the court,

---

[1] The court is also scheduled to hear non-party Time Warner's motion to quash on this date.

itself and fundamental notions of fairness a disservice."). Further, "an amicus who argues facts should rarely be welcomed." Strasser v. Doorley, 432 F.2d 567, 569 (1st Cir. 1970).

While there is no rule governing the appearance of an amicus curiae in the United States District Courts, Fed. R.App. P. 29, which governs the appearance of amici in the United States Courts of Appeals, provides guidance. See U.S. v. Alkaabi, 223 F.Supp.2d 583, 592 (D.N.J. 2002). Fed. R. App. P. 29 states that "amicus curiae may file a brief only by leave of court or if the brief states that all parties have consented to its filing." Fed. R. App. P. 29(a). "Except by the court's permission, an amicus curiae may not file a reply brief." Fed. R. App. P. 29(f). Further, "an amicus curiae is not a party and has no control over the litigation and no right to institute any proceedings in it, nor can it file any pleadings or motions in the case." NGV Gaming, Ltd. v. Upstream Point Molate, LLC, 355 F.Supp.2d 1061, 1068 (N.D.Cal. 2005). Overall, the participation of amicus curiae, including the fact, extent, and manner of participation, is within the discretion of the trial court. See Cobell v. Norton, 246 F.Supp.2d 59, 62 (D.D.C. 2003) (Lamberth, R.).[2]

---

[2] The court also has the inherent authority to strike or disregard declarations or evidence filed without permission of the court. See e.g., Southern Elec. Health Fund v. Bedrock Services Not Reported in F.Supp.2d, 2005 WL 3108461, *6 (M.D.Tenn. 2005) (disregarding declarations and exhibits filed after show cause hearing, noting that the court did not authorize their filing and that they were filed without leave of court); see also Northwest Environmental Advocates v. National Marine Fisheries Service, 460 F.3d 1125, 1145 (9th Cir. 2006) (holding that district court did not abuse its discretion in striking declaration that was beyond the record necessary on the issue presented to the court).

B. AMICI'S SUPPLEMENTAL DECLARATION WAS NOT PERMITTED BY THE COURT, SPECIFICALLY CONTRADICTS AMICI'S REPRESENTATIONS, AND IMPROPERLY INSERTS FACTUAL ARGUMENT.

First, Amici have not made a motion, requested leave, or otherwise sought permission to file the Supplemental Declaration. As part of its motion to file its brief, Amici never requested to file any additional documents. [See generally Doc. No. 13] Further, Amici never informed the court or parties that it planned to file the Supplemental Declaration before it actually did. Amici's Supplemental Declaration was simply not contemplated or permitted under the court's June 7, 2010 minute order granting Amici's motion to file its brief.

Second, the filing of the Supplemental Declaration contradicts Amici's earlier representations to Plaintiff. As alluded to in its motion to file its brief, counsel for Amici conferred with counsel for Plaintiff wherein the two counsel agreed upon a proposed briefing schedule if the court were to ultimately grant Amici's motion to file its brief. [See Doc. No. 13 at p. 6] Plaintiff's counsel sought two weeks from the court's granting of Amici's motion to file a response and agreed that such a response would not address any issues in the Time Warner motion.[3]

As part of this agreement, Amici's counsel represented that this would be all the briefing for the issues raised by Amici – Amici's brief and Plaintiff's response – and that Amici would not be filing anything further. Now, Amici have breached that agreement and contradicted its representations by filing the Supplemental Declaration.[4]

---

[3] This was to eliminate any possibility that Plaintiff would further brief the Time Warner motion after Plaintiff's counsel received Time Warner's Reply.

[4] It is not a coincidence that the court required Plaintiff to show cause in writing in response to its minute order exactly two weeks after it granted Amici's motion to file its brief.

Additionally, not only have Amici filed the Supplemental Declaration without the court's permission and in direct contravention to its earlier agreement and representation, Amici did so well after business hours on the Monday before the Wednesday hearing on this issue.  [See Doc. No. 21, filed at 9:05 p.m. EST]  Accordingly, Plaintiff and its counsel simply do not have the time to adequately review and address the facts presented in the Supplemental Declaration and provide any responsive declaration or evidence.[5]

Lastly, the Supplemental Declaration presents no new legal authority or arguments for the court to consider, only factual averments.  As stated in the Supplemental Declaration, it "responds to two factual assertions made by the Plaintiff."  [Doc. No. 21 at ¶ 3]  Further, the Supplemental Declaration is by no means objective.  Rather, it is argumentative and only provides a biased view, making it quite obvious that Amici are not acting as "friends of the court."

III. CONCLUSION

Overall, Amici's Supplemental Declaration is improper.  Not only did Amici have no authority or permission to file the Supplemental Declaration, counsel for Amici previously represented that it would specifically not file any additional documents.  Further, the Supplemental Declaration does not provide any additional legal insight for the court in regards to the joinder issue set for hearing and is, rather, a set of argumentative factual assertions.  Therefore, Plaintiff respectfully submits that the Court should strike Mr. Schoen's Supplemental Declaration in its entirety.

---

[5] Amici's inexcusable filing of the Supplemental Declaration at the last second is acerbated by the fact that the court has actually permitted counsel for Amici to be present and argue at the hearing on the court's order to show cause.

                                      Respectfully submitted,
                                      WEST BAY ONE, INC.

**DATED**:  June 29, 2010

                            By:    /s/ Thomas M. Dunlap
                                    Thomas M. Dunlap (D.C. Bar # 471319)
                                    Nicholas A. Kurtz (D.C. Bar # 980091)
                                    DUNLAP, GRUBB & WEAVER, PLLC
                                    1200 G Street, NW Suite 800
                                    Washington, DC 20005
                                    Telephone: 202-316-8558
                                    Facsimile: 202-318-0242
                                    tdunlap@dglegal.com
                                    nkurtz@dglegal.com
                                    *Attorneys for the Plaintiff*