**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| WEST BAY ONE, INC. | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CA. 1:10-cv-00481-RMC |
| DOES 1 – 2,094 | ) ) ) | |
| Defendant. | ) ) ) | |

**MEMORANDUM OF *AMICI CURIAE*
REGARDING NOTICE TO DEFENDANTS**

Pursuant to leave of court granted orally at the June 30, 2010, hearing in this action and in the Court's order of July 2 [#25], *amici curiae* Electronic Frontier Foundation, American Civil Liberties Union and ACLU of the Nation's Capital, Public Citizen Litigation Group, file this memorandum to respond to the recent filing by the plaintiff [# 26] submitting a proposed notice to be provided by internet service providers to their customers who are Doe defendants in this case.

Although the Court asked the parties and *amici* to submit a joint proposed notice, and all have conferred and exchanged multiple drafts and proposed revisions in an attempt to do so, *amici* believe that the proposed notice submitted by the plaintiff is not well suited to the purpose of informing the Doe defendants, in language that ordinary lay people can understand, about the nature of the claims against them, their potential rights and options, and how to seek assistance.

First, based on *amici*'s extensive collective experience assisting nonlawyers, we believe the plaintiff's proposed notice contains legal terms and phrases that will be unenlightening to most lay people. For example, many people receiving this notice may not know what a "motion to quash" might be, or what it means to "file a motion" in a lawsuit.

Second, the plaintiff seeks to omit any mention of potential issues involving joinder or the First Amendment, and that they might file a motion to dismiss as well as (or instead of) a motion to quash.  While the purpose of the notice is not to give legal advice, fairness requires alerting *pro se* defendants to the existence of potential due process issues of which they are otherwise unlikely to be aware.

Third, the plaintiff has declined *amici*'s suggestion to include in the notice the URL of a website (to be maintained by the plaintiff or its counsel) which will contain copies of principal case documents, such as the Motion for Early Discovery, Motions to Quash and/or Dismiss and Plaintiff's Oppositions to those motions.  Such a website will help defendants access the information they need to understand the allegations that have been made against them, the arguments the plaintiff has made in seeking their identities, and issues that have been raised by other parties in the case.  And it is hardly unprecedented: in the class action context, parties routinely post key case documents on notice sites designed to inform class members about their rights and options.  See, e.g., http://www.googlebooksettlement.com/ (posting settlement agreement); (https://secureweb.rustconsulting.com/sonybmgcdtechsettlement/Docs.htm (posting agreement as well as the final order and judgment).

 Moreover, there seems to be no other practical way for a *pro se* defendant who does not wish to disclose his or her identity to the plaintiff to access and review the plaintiff's opposition to a motion to quash or motion to dismiss, in order to be able to file a reply.[1]  While these documents may be publicly available through PACER, *pro se*

---

[1]  We are concerned that an anonymous *pro se* defendant will be hard-pressed to file a motion or response in this action without entering an appearance that will disclose his or her true identity to the plaintiff.  If letters addressed to the Court are automatically filed, then a defendant wishing to maintain his or her anonymity who writes to the Court will have defeated his or her own purpose.  If the proper method is to file under seal, most unrepresented defendants, scattered across the country, will have difficulty following the proper procedure, especially by mail.  More substantively, it will be difficult for the plaintiff and a Doe defendant to litigate over individual factual issues such as the existence *vel non* of "minimum contacts" with the District of Columbia without

defendants may find the system intimidating or confusing, resulting in additional burdens on the Court as defendants seek advice from Court staff on how to navigate the system to find the relevant materials.  Especially given the large number of defendants that have been sued together in these cases, it would be much more efficient to have the essential case documents compiled on a single, easily accessible website.

In an effort to assist the Court and protect the rights of the Doe defendants, Exhibit A to this memorandum is an alternative proposed notice that better addresses the concerns raised here, providing a fuller explanation of the Doe defendants' rights and options, in the clearest terms we could muster.  To ease the Court's review, we also attach Exhibit B, a "redlined" version that compares this alternative notice to the plaintiffs' proposed notice.

Internet service providers Time Warner Cable, Inc., Cox Communications, Inc., Comcast Cable Communications Management, LLC and Verizon Online agree with *amici* that the attached proposed notice will better serve the needs, and protect the rights, of their customers than the proposed notice submitted by the plaintiff.

---

disclosing the defendant's identity to the plaintiff.  *Amici* would welcome the opportunity to work with the plaintiffs to craft a workable solution to this problem.

Dated: July 15, 2010								Respectfully submitted,

*s/Marcia Hofmann*
Marcia Hofmann (D.C. Bar No. 484136)
*marcia@eff.org*
ELECTRONIC FRONTIER FOUNDATION
454 Shotwell Street
San Francisco, CA 94110
T: (415) 436-9333
F: (415) 436-9993
www.eff.org

*s/Corynne McSherry*
Corynne McSherry (CA 221504)
*(admitted pro hac vice)*
*corynne@eff.org*
ELECTRONIC FRONTIER FOUNDATION
454 Shotwell Street
San Francisco, CA 94110
T: (415) 436-9333
F: (415) 436-9993
www.eff.org

Attorney for *Amicus*
ELECTRONIC FRONTIER FOUNDATION

Greg Beck
*gbeck@citizen.org*
PUBLIC CITIZEN LITIGATION GROUP
1600 - 20th Street, N.W.
Washington, D.C. 20009
T: (202) 588-1000
http://www.citizen.org/litigation

Attorney for *Amicus*:
PUBLIC CITIZEN

Arthur B. Spitzer (D.C. Bar. No. 235960)
*artspitzer@aol.com*
AMERICAN CIVIL LIBERTIES UNION OF
THE NATION'S CAPITAL
1400 20th Street, N.W., Suite 119
Washington, D.C. 20036
T. 202-457-0800
F. 202-452-1868
www.aclu-nca.org

Attorney for *Amicus*:
AMERICAN CIVIL LIBERTIES UNION OF
THE NATION'S CAPITAL

Aden J. Fine (D.C. Bar No. 485703)
*afine@aclu.org*
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
T: (212) 549-2500
F: (212) 549-2651
www.aclu.org

Attorney for *Amicus*:
AMERICAN CIVIL LIBERTIES UNION