UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| WEST BAY ONE, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CA. No. 1:10-cv-00481-RMC |
| ) | |
| DOES 1 – 2,000 ) | |
| ) | Telephonic Conference: TBD |
| Defendants. ) | |
| ) | |

**MEMORANDUM OF PLAINTIFF REGARDING NOTICE TO DEFENDANTS**

I.   INTRODUCTION

Plaintiff hereby submits its memorandum in response to the memorandum filed by Amici Curiae regarding the form of notice to be sent by the non-party Internet Service Providers ("ISPs") pursuant to the Court's July 2, 2010 order. Plaintiff has already submitted its proposed form of notice [Doc. No. 26] and for convenience has attached that version of the notice as Exhibit 1 hereto. Additionally, for the convenience of the Court, Plaintiff has attached the notice approved by the Eastern District of Pennsylvania court (*Elektra Entertainment Group, et al. v. Does 1-6*, Civil Action No. 04-1241), which Amici had previously submitted to the Court with its amicus brief, as Exhibit 2 hereto. Plaintiff shall address the issues as raised by Amici, as well as one additional sentence in Amici's notice that Plaintiff's notice does not include.

II.     SPECIFIC UNRESOLVED ISSUES

    1. <u>The Defendants should be informed of the proper terminology related to a motion to quash.</u>

Amici argue that the phrase "motion to quash or vacate" is too much legalese and that it is "unenlightening to most lay people." While Plaintiff has worked with Amici to reduce the amount of legalese in the notice, some legal terms and phrases are necessary.

Amici have proposed that the notice state the Defendants can "ask the Court to block the subpoena…." While Amici's proposed notice goes on to state that the Defendants can do this by filing a motion, the preceding phrasing is misleading. By stating (twice) that the Defendants can "ask the Court" for something and using the term "block," it will lead to unintelligible and improper communications and filings to the Court.[1]

As with other arguments presented by Amici, Amici are advocating that the Defendants, particularly any Defendants acting *pro se*, be given a different, more lenient standard for filing documents in this case. That should not be permitted. *Pro se* litigants must comply with the Federal Rules of Civil Procedure just like represented litigants. <u>Rogler v. U.S. Dept. of Health and Human Services</u>, 620 F.Supp.2d 123, 127 (D.D.C. 2009) (stating that while pleadings filed by *pro se* litigants are held to less stringent standards than formal pleadings drafted by lawyers, *pro se* litigants must still comply with court rules).

If Defendants truly wants to file proper objections to subpoenas, there are a variety of resources at their disposal, including law libraries, pro bono legal organizations, and Amici.

---

[1] It is quite reasonable to assume that even though the parties have agreed to a sentence at the end of the notice that states "You should not call the Court," earlier references to "ask the Court" will likely lead to phone calls and other improper forms of communications with the Court, notwithstanding the warning.

Plaintiff's notice informs the Defendants of the key issues involved and even provides them with contact information for further help, including Amici's website. Thereby, even if a person does not necessary know or understand what a "motion to quash" is, at least that person will have the correct terminology to conduct their own research or approach legal professionals. If the notice included Amici's language, the Defendants who attempted to do more inquiry or seek legal advice would be even more confused when they search for or tell an attorney they need a "motion to block."[2]

Lastly, the notice approved by the Eastern District of Pennsylvania contained the exact language proposed by Plaintiff. [See Ex. 2 hereto] As the Court will recall, Amici submitted that notice with its amicus brief to "assist the Court" in fashioning a similar order in this case. [See Doc. No. 13 at p. 14] Further, as stated in the order accompanying that notice [see Doc. No. 13-1 at p. 31 fn. 1], the same Amici in this case participated in the drafting of the notice in that case. Therefore, it is disingenuous for Amici to object to the language in Plaintiff's proposed notice when that language came verbatim from the sample order Amici previously submitted to this Court.

In the end, Amici cannot justify why telling the Defendants to "block" the subpoena is proper or easier to understand than to simply inform the Defendants to file a motion to quash. The purpose of the notice is to inform the Defendants of the subpoenas and that their personal information may be turned over to Plaintiff. It is unfathomable that such a notice would not clearly state that they can "file a motion to quash or vacate" in response. Overall, Amici's

---

[2] Amici also argues that people will not know what it means to "'file a motion' in a lawsuit." Apparently, Amici believes that stating "You can do this by filing a legal document called a 'motion'" somehow cures this. However, there seems to be little more guidance to the Defendants by simply telling them that a motion is a "legal document."

language is more confusing and harmful than beneficial.  Therefore, the Court should adopt Plaintiff's version of the notice.

> 2. Amici's demand to include statements regarding joinder and the First Amendment is inappropriate.

Amici propose that the Defendants be informed that they can challenge the subpoena or lawsuit on joinder or First Amendment grounds.  However, these arguments have already been raised with the Court in this case and rejected.  It is without question that the Court denied Amici's arguments related to the First Amendment and clearly stated that it would not sever the case at this point based on Amici's joinder argument.[3]  On the other hand, the Court did address concerns regarding Defendants being made aware of personal jurisdiction issues.  Accordingly, Plaintiff has included a paragraph to address that issue.

Additionally, Amici argue that the notice should include a reference to Defendants filing a motion to dismiss.  However, such a reference is misleading and improper at this time.  Such a suggestion does not advance the purpose of the notice, which is to inform the Defendants of the subpoena and their ability to defend against the subpoena – by filing a motion to quash.[4]

As with the first issue, Amici are again advocating against the sample notice they provided to the Court.  The notice approved by the Eastern District of Pennsylvania does not

---

[3] It should make no difference if an individual Defendant brings these arguments, especially as Amici have repeatedly stated that they have presented their arguments on behalf of the Defendants.

[4] When taken in conjunction with Amici's refusal to include the phrase "motion to quash or vacate" in the notice, it is quite obvious that Amici do not want the Defendants to be informed of their rights and options for challenging the subpoena.  Rather, Amici are seeking to persuade the Defendants to challenge the lawsuit in its entirety, which is not the purpose of the notice or proper at this stage of the case.

contain any of the language proposed by Amici related to joinder, the First Amendment, or motions to dismiss.

Overall, Amici are again providing overkill in their notice, including issues that are improper and do not advance the purpose of the notice. Therefore, the Court should adopt Plaintiff's version of the notice that does not include references to joinder, the First Amendment, or motions to dismiss.[5]

3. <u>Amici's demand that Plaintiff host a website posting all of the filings in the case is unreasonable.</u>

Amici claim that Plaintiff has declined Amici's suggestion to have Plaintiff host a website. That is simply not true. Plaintiff was willing to possibly host a website that would include a copy of the Complaint and a Frequently Asked Questions page, with the URL of that website in the notice. However, Plaintiff would not agree with Amici's demand that such a website host virtually all of the filings in the case.[6]

Amici's reference to class action settlement websites only highlights Plaintiff's position. The websites cited by Amici, and many similar websites, do not include the vast scope of documents and filings suggested by Amici for this case. Rather, the websites merely host the one or two documents necessary for the class members, i.e. the settlement agreement and/or

---

[5] It is also unnecessary to have a link to Amici's brief in the notice. The notice already contains a link to Amici's (EFF's) website where the brief can be obtained. Plus, this is just another example of overkill – Amici are attempting to bombard the Defendants with nearly every single piece of paper filed in this case, certainly an overwhelming proposition for most people.

[6] Amici propose that the website would host the Complaint and Plaintiff's motion for discovery along with all motions filed by any Defendant and all of Plaintiff's oppositions to motions filed by any Defendant on an ongoing and continuous basis.

court order. The websites do not include the briefing on the settlement approval or all motions and oppositions filed with the court.

Likewise, here it is unreasonable to require Plaintiff to host a website that will include countless documents and that also requires updating on an ongoing basis. If any Defendant truly wishes to see all of the documents filed in the case, that Defendant can access any document on Pacer. Not only would it be an unfair burden and expense for Plaintiff to, in essence, replicate Pacer, such a website would seem to violate Pacer's policy. As stated in the most recent Pacer Policy, "[a]ny attempt to collect data from PACER in a manner which avoids billing is strictly prohibited and may result in criminal prosecution or civil action."

Further, not only will this create an unnecessary burden on Plaintiff, it will only lead to confusing people. It is daunting enough to look at a two-page notice and the subpoena without also having all of the other filings suggested by Amici. Once again Amici's arguments are at odds with each other. Amici previously argued that the Defendant will not know what a "motion to quash" is or even what it means to "file a motion," but at the same time Amici want to present the same people with all of the motions to quash filed in the case, those oppositions, and Plaintiff's motion for discovery, which is filled with the very legalese Amici claim should be avoided. In fact, Amici specifically argued that "legal terms and phrases [] will be unenlightening to most lay people." If one phrase ("motion to quash") is unenlightening to people, it only follows that providing the same people with all of the legal filings in the case is pure overkill.

Amici's argument that Plaintiff must host a website with all Court filings so that the Defendants will have a mechanism to receive Plaintiff's oppositions to motions to quash, and thereby be able to file replies, again attempts to circumvent the clear court rules that apply to all

6

litigants.  Again, there is no impediment to Defendants, even if acting *pro se*, requesting the Court to seal their personal information.  There is also no impediment to Defendants contacting a legal representative or doing their own research and investigation, especially considering the notice provides legal resources.

Further, it is disingenuous for Amici to claim that the Defendants will be "hard-pressed" to file a motion to quash without revealing their identity and contact information.  The latest two purported motions to quash [Doc. No. 35 in *Achte/Neunte Boll Kino Beteiligungs GMBH & Co KG v. Does 1-2,094*, Case No. 1:10-cv-00453-RMC] were filed "anonymously" while also presenting a mechanism for Plaintiff to serve its opposition.  Also, as Amici are most likely aware, the judges presiding over similar cases in this Court have freely granted motions to seal and have forwarded Plaintiff's oppositions to the appropriate defendants.

Lastly, the introductory language in both Plaintiff's and Amici's notice provide the Defendants with straight-forward information about the claims against them – the precise reason Amici claimed a website is necessary.  As opposed to the Court filings (including the Complaint), which are filled with legalese, the notice informs the Defendants in plain language that Plaintiff is claiming they illegally downloaded or distributed a movie.  Along with a copy of the subpoena, this should be all of the information the Defendants need to know so that they can determine a course of action or investigate further.  Therefore, the Court should adopt Plaintiff's proposed notice

    4.  <u>Informing the Defendants that Plaintiff wants the Court to order them to pay thousands of dollars is improper, misleading, and irrelevant.</u>

Amici have proposed adding the following sentence to the fourth paragraph of the notice: "The Plaintiffs want the court to order you to pay them significant damages, which may be thousands of dollars, for uploading or downloading the movie without permission." However, this sentence is improper, misleading, and irrelevant.

Plaintiff's Complaint's prayer for judgment is just that – a request that judgment be entered against any Defendant that Plaintiff names and is found to be liable in this case. It is misleading to state that the Court would "order" people to pay, as, among other things, Plaintiff would have to enforce any judgment it obtained. In the context of the entire notice, the sentence seems to suggest that this Court order could come in the near future or somehow as a result if a Defendant does not do anything in response to the notice.

Overall, such language is premature and intimidating. Again, the purpose of the notice is to inform the Defendants that their personal information is being requested. They have not been named in the lawsuit, and Plaintiff has not yet been able to determine the scope and extent of any particular Defendant's alleged infringing activity, which could potentially change the damages calculation for that particular Defendant. Therefore, the Court should not include this sentence.

III.    CONCLUSION

Overall, Plaintiff's version of the notice adequately serves the purpose of this notice – it informs the Defendants that a subpoena has been issued requesting their personal information. Further, Plaintiff's notice properly balances the Defendants' need for information without

overwhelming them. On the other hand, Amici's proposed notice is a slippery slope of overkill.[7] Therefore, the Court should not include Amici's proposed additions and should accept Plaintiff's form of notice.

                Respectfully submitted,
                WEST BAY ONE, INC.

**DATED**: July 21, 2010

          By:   /s/ Thomas M. Dunlap
                Thomas M. Dunlap (D.C. Bar # 471319)
                Nicholas A. Kurtz (D.C. Bar # 980091)
                DUNLAP, GRUBB & WEAVER, PLLC
                1200 G Street, NW Suite 800
                Washington, DC 20005
                Telephone: 202-316-8558
                Facsimile: 202-318-0242
                tdunlap@dglegal.com
                nkurtz@dglegal.com
                *Attorneys for the Plaintiff*

---

[7] Amici's statement that the ISPs "agree with *amici* that [Amici's] notice will better serve the needs, and protect the rights, of their customers than the proposed notice submitted by the plaintiff" is rather misleading. While the ISPs may "support" Amici's proposed notice, in meeting and conferring on this notice, it was Plaintiff's understanding that the ISPs would likewise support the notice in the form proposed by Plaintiff. That is, it did not seem to Plaintiff that the ISPs opposed Plaintiff's notice or necessarily thought Amici's notice was "better," only that the ISPs were forced to be included on the side of Amici in filing the proposed notice because of Amici's insistence on keeping the terms at issue.