UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **WEST BAY ONE, INC.,** | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 10-481 (RMC) |
| **DOES 1 - 1,653,** | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

Plaintiff West Bay One, Inc. is the owner of the copyright of the motion picture "The Steam Experiment" also known as "The Chaos Experiment." Plaintiff brought this suit for copyright infringement against John Does 1–1,653, individuals who allegedly illegally downloaded and distributed the movie over the Internet. When the suit was filed, Plaintiff did not know the names of the alleged infringers, but had identified the Internet Protocol ("IP") addresses of the computers associated with the infringement. In order to discover the actual names of the Doe Defendants in this case, Plaintiff subpoenaed the Internet Service Providers who provide service to the identified IP addresses, and the Providers gave notice to their customers of the subpoena. Certain individuals who received such notices have moved to quash the subpoena. As explained below, the motions to quash will be denied as the individuals have no cognizable claim of privacy in their subscriber information.

### I. FACTS

Plaintiff has identified the IP address and the date and time of each alleged copyright infringement. Those IP addresses are attached to the Amended Complaint as Exhibit A. *See* Am. Compl. [Dkt. # 30]. In order to actually identify the Doe Defendants, Plaintiff sought leave of court

to serve a subpoena under Federal Rule of Civil Procedure 45 on Internet Service Providers who keep the names and addresses of their customers associated with IP addresses in the regular course of business. *See* Mot. for Discovery [Dkt. # 3]. The Court granted such leave, permitting Plaintiff to serve Rule 45 subpoenas on Internet Service Providers to obtain the identity of each John Doe Defendant. The Order provided that "[t]hese subpoenas may seek information sufficient to identify each defendant, including name, addresses, telephone numbers, email address and media access control address." Order [Dkt. # 4] at 2. Later, the Court specified the type of notice that Internet Service Providers were required to provide to their customers. *See* Pl.'s Proposed Court-Directed Notice from ISP's to Doe Defs. [Dkt. # 26] ("Court-Directed Notice"); Minute Order July 22, 2010 (adopting Plaintiff's proposed notice). The notice to be provided to customers indicates:

> If you are receiving this notice, that means the Plaintiffs[1] have asked your Internet Service Provider to disclose your identification information to them, including your name, current (and permanent) addresses, and your email address and Media Access Control number. Enclosed is a copy of the subpoena seeking your information and the exhibit page containing the IP address that has been associated with your computer and showing the date and time you are alleged to have used the Internet to download or upload the particular movie.

Court-Directed Notice at 1.

Upon receiving notice of the subpoenas from their Internet Service Providers, William Wright filed a motion to quash. *See* Wright's Mot. to Quash [Dkt. # 15]. Also, John Doe, called John Doe #1 in this Opinion, filed a motion to quash under seal, so as to conceal his identifying information. *See* Doe #1's Mot. to Quash [Dkt. # 14]. Another John Doe, called John Doe #2 in this Opinion filed a motion to quash, but the motion was not filed under seal. *See* Doe

---

[1] "Plaintiffs" plural is used in the Notice because it pertains to this case and to *West Bay One, Inc. v. Does 1- 1,653*, Civ. No. 10-481.

#2's Mot. to Quash [Dkt. # 33].

## II. STANDARD OF REVIEW

A person served with a subpoena may move for a protective order under Federal Rule of Civil Procedure 26(c). Under Rule 26(c), a court may "make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" upon a showing of good cause. Fed. R. Civ. P. 26(c). In determining whether a discovery request is oppressive or imposes an undue burden, a court must balance the party's need for the discovery against the potential hardship to the subject of the subpoena. *Alexander v. FBI*, 186 F.R.D. 71, 75 (D.D.C. 1998). To determine whether there is an "undue burden," a court examines "relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed." *Flatow v. Islamic Republic of Iran*, 196 F.R.D. 203, 206 (D.D.C. 2000), *vacated in part and affirmed in part on other grounds*, 305 F.3d 1249 (D.C. Cir. 2002).

Alternatively, a person served with a subpoena may move to quash or modify the subpoena under Federal Rule of Civil Procedure 45(c)(3). As is relevant here, Rule 45(c)(3)(iii) provides that a court may quash a subpoena if it "requires disclosure of privileged or other protected matter, if no exception or waiver applies." Fed. R. Civ. P. 45(c)(3)(iii). Pursuant to Rule 45(d)(2), when subpoenaed information is withheld based on a claim of privilege, the claim of privilege must "describe the nature of the withheld [information] in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim." Fed. R. Civ. P. 45(d)(2). Rule 45(e) further provides that failure to obey a subpoena without an adequate excuse may be deemed a contempt of court.

The burden of persuasion on a motion for protective order or to quash is borne by the movant. *See Aristotle Int'l, Inc. v. NGP Software, Inc*, Civ. No. 05-1700, 2010 WL 2134285, at *13 (D.D.C. Mar. 10, 2010) (motion for protective order); *Linder v. Dep't of Defense*, 133 F.3d 17, 24 (D.C. Cir. 1998) (motion to quash).

### III. ANALYSIS

The movants, Mssrs. Wright, Doe #1, and Doe #2, do not request a protective order, and no such order is called for here. Plaintiff's need for the identifying information is great as the information is critical to the prosecution of this lawsuit. The burden imposed on the movants is slight. In sum, the subpoena is not oppressive and does not impose an undue burden on these movants.

Movants have requested that the Court quash the subpoenas. Mr. Wright moves to quash, impliedly asserting that he did not copy or distribute the movie. He states:

> My wife and I are both 69 years of age and the only occupants of this location. Charter personnel installed the high speed equipment for our internet connection and we have made no modifications to it. If it had any features that made it vulnerable to "hacking", we had no knowledge of that. This technology is way above our abilities to deal with.

Wright's Mot. to Quash [Dkt. # 15] at 1. Mr. Doe #2 also impliedly denies that he committed the alleged infringement: "He has never used a file-sharing service and does not know what this case is about." Doe #2's Mot. to Quash [Dkt. # 33] at 1. Mr. Doe #1 directly denies the alleged infringement: "I did not download or up load the movie mentioned in the subpoena." Doe #1's Mot. to Quash [Dkt. #14] ¶ 4. Mr. Doe #1 also asserts that his identifying information is "personal and private." *Id*. ¶ 3. Further, he asserts that he has a dynamic IP address, one that could be used by others. *Id*. ¶ 8.

It must be noted that by filing the motions to quash on the public record of the Court, Mr. Wright provided the most critical information sought by the subpoenas — his name and address. His motion to quash could be deemed moot, at least with regard to this information. Mr. Doe #1 filed his motion to quash under seal, and Mr. Doe #2 filed his motion anonymously (but not under seal). Thus, the issue of their identifying information is not moot.

Presuming that none of the motions to quash is moot, the Court will deny each of them. While the movants' denial of liability may have merit, the merits of this case are not relevant to the issue of whether the subpoena is valid and enforceable. In other words, they may have valid defenses to this suit, but such defenses are not at issue at this stage of the proceedings.[2] *See Fonovisa, Inc. v. Does 1-9*, Civ. No. 07-1515, 2008 WL 919701, at *8 (W.D. Pa. Apr. 3, 2008) (if the entity whose identifying information was sought by a subpoena served on an ISP "believes that it has been improperly identified by the ISP, [the entity] may raise, at the appropriate time, any and all defenses, and may seek discovery in support of its defenses.").

With regard to the claim that identifying information is private, courts have found to the contrary. Courts have held that Internet subscribers do not have an expectation of privacy in their subscriber information as they already have conveyed such information to their Internet Service Providers. *See, e.g., Guest v. Leis*, 255 F.3d 325, 335–36 (6th Cir. 2001) ("Individuals generally lose a reasonable expectation of privacy in their information once they reveal it to third parties."); *U.S. v. Hambrick*, Civ. No. 99-4793, 2000 WL 1062039, at *4 (4th Cir. Aug. 3, 2000) (a person does not have a privacy interest in the account information given to the ISP in order to establish an email

---

[2] John Doe #2 also asserts that the Court lacks personal jurisdiction over him and that joinder of the numerous Doe defendants here is improper. Mr. Doe #2 may raise these issues with the Court when he has been identified and Plaintiff names him as a defendant in this case.

account); *U.S. v. Kennedy*, 81 F. Supp. 2d 1103, 1110 (D. Kan. 2000) (defendant's Fourth Amendment rights were not violated when an ISP turned over his subscriber information, as there is no expectation of privacy in information provided to third parties).[3]

Accordingly, the motions to quash will be denied.[4] Further, because there is no basis to maintain the pleading under seal, the Clerk will unseal Mr. Doe #1's motion to quash filed at Docket # 14.

### IV. CONCLUSION

For the reasons stated above, the motions to quash subpoena filed by John Doe #1 [Dkt. # 14], William Wright [Dkt. # 15], and John Doe #2 [Dkt. # 33] will be denied. Further, Mr. Doe #1's motion to quash [Dkt. # 14] will be unsealed.

Date: September 10, 2010          /s/
                                  ROSEMARY M. COLLYER
                                  United States District Judge

---

[3] Mr. Doe #1 also erroneously argues that his Internet Service Provider, Verizon, is not required to divulge its customers' identifying information, relying on cases that dealt with subpoenas governed by the Digital Millennium Copyright Act, 17 U.S.C. § 512. *See Recording Indus. Ass'n of Am. v. Verizon Internet Servs., Inc.*, 351 F.3d 1229 (D.C. Cir. 2003); *In re Charter Commc'n, Inc.*, 393 F.3d 771 (8th Cir. 2005). The subpoenas issued in the case are Rule 45 subpoenas, governed by the Federal Rules of Civil Procedure.

[4] While some courts have held that the anonymous downloading and distribution of music over the Internet constitutes protected First Amendment speech, the protection afforded such speech is limited and gives way in the face of a *prima facie* showing of copyright infringement. "Defendants' First Amendment right to remain anonymous must give way to the plaintiffs' right to use the judicial process to pursue what appear to be meritorious copyright infringement claims." *Sony Music Entm't, Inc. v. Does 1-40*, 326 F. Supp. 2d 556, 567 (S.D.N.Y. 2004); *Arista Records LLC v. Does 1-19*, 551 F. Supp. 2d 1, 8–9 (D.D.C. 2008) ("Not surprisingly, courts have routinely held that a defendant's First Amendment privacy interests are exceedingly small where the 'speech' is the alleged infringement of copyrights.") (collecting cases). Plaintiff has made a *prima facie* case of copyright infringement in this case, and Plaintiff's need for disclosure outweighs the First Amendment privacy interests here.