UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **WEST BAY ONE, INC.,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 10-481 (RMC) |
| | ) | |
| **DOES 1 - 1,653,** | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**ORDER**

William Wright filed a motion to quash in this matter. *See* Wright's Mot. to Quash [Dkt. # 15]. Mr. Wright appears to live outside of Washington, D.C., as he lists his address as Oregon. Because he lives elsewhere, it is questionable whether Mr. Wright has had sufficient contact with the District of Columbia to warrant this Court's exercise of personal jurisdiction over him.[1] Accordingly, it is hereby

**ORDERED** that Plaintiff shall **SHOW CAUSE**, no later than September 30, 2010, why this case should not be dismissed against Mr. Wright for lack of personal jurisdiction.

Date:  September 10, 2010                     /s/
                                                          ROSEMARY M. COLLYER
                                                          United States District Judge

---

[1] The Due Process Clause of the Fifth Amendment requires a plaintiff to demonstrate "'minimum contacts' between the defendant and the forum establishing that 'the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *GTE New Media Servs. Inc. v. BellSouth Corp.*, 199 F.3d 1343, 1347 (D.C. Cir. 2000) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)); *see also Price v. Socialist People's Libyan Arab Jamahiriya*, 294 F.3d 82, 95 (D.C. Cir. 2002). These minimum contacts must be grounded in "some act by which the defendant purposefully avails itself of the privilege of conducting activities with the forum state, thus invoking the benefits and protections of its laws." *Asahi Metal Indus. v. Super. Ct. of Cal.*, 480 U.S. 102, 109 (1988).