UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WEST BAY ONE, INC., | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 10-481 (RMC) |
| DOES 1 - 1,653, | ) |
| Defendants. | ) |

**ORDER**

Plaintiff West Bay One, Inc. is the owner of the copyright of the motion picture "The Steam Experiment" also known as "The Chaos Experiment." Plaintiff brought this suit for copyright infringement against John Does 1–1,653, individuals who allegedly illegally downloaded and distributed the movie over the Internet. When the suit was filed, Plaintiff did not know the names of the alleged infringers, but had identified the Internet Protocol ("IP") addresses of the computers associated with the infringement. In order to discover the actual names of the Doe Defendants in this case, Plaintiff subpoenaed the Internet Service Providers who provide service to the identified IP addresses, and the Providers gave notice to their customers of the subpoena. Certain individuals who received such notices have filed pleadings in this case as John Does. *See* Mot. to Quash [Dkt. # 14]; Mot. to Quash [Dkt. # 33]; Mot. to Dismiss [Dkt. # 43]. Thus, they have impliedly moved to proceed anonymously in this case.

The Federal Rules of Civil Procedure and the Local Rules require that complaints state the names of the parties. Fed. R. Civ. P. 10(a) & LCvR 5.1(e)(1). "[P]arties to a lawsuit must typically openly identify themselves in their pleadings to 'protect[] the public's legitimate interest

in knowing all of the facts involved, including the identities of the parties.'" *United States v. Microsoft Corp.*, 56 F.3d 1448, 1463 (D.C. Cir. 1995) (citing *Doe v. Frank*, 951 F.2d 320, 322 (11th Cir. 1992)); *see also Qualls v. Rumsfeld*, 228 F.R.D. 8, 10 (D.D.C. 2005).  Even so, it is within the discretion of the district court to grant the "rare dispensation" of anonymity.  *Microsoft Corp.*, 56 F.3d at 1464 (quoting *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993)).  Pseudonymous litigation has been permitted where the issues are "matters of a sensitive and highly personal nature such as birth control, abortion, homosexuality or the welfare rights of illegitimate children or abandoned families." *Southern Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 712–13 (5th Cir. 1979).  The district court has a duty to consider the impact of a party's anonymity on both the public interest in open proceedings and on fairness to the opposing party.  *Microsoft Corp.*, 56 F.3d at 1464.

In conducting this balance, the court must weigh a plaintiff's "privacy concerns against the presumption of openness of judicial proceedings." *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981).  Factors to consider include:

> (1) whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature;
>
> (2) whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties;
>
> (3) the ages of the persons whose privacy interests are sought to be protected;
>
> (4) whether the action is against a governmental or private party; and
>
> (5) the risk of unfairness to the opposing party from allowing an

action against it to proceed anonymously.

*James v. Jacobson*, 6 F.3d at 238.  As explained in the Memorandum Opinion filed on September 10, 2010, the individual defendants in this case have no cognizable claim of privacy in their subscriber information.  *See* Mem. Op. [Dkt. # 36].

Accordingly, the implied request of the John Does to proceed anonymously is **DENIED**.  John Does who have filed pleadings in this case[1] are required to file a notice indicating their identity by name, address, phone number, and email address no later than October 29, 2010. In the event that John Does who have filed pleadings fail to satisfactorily identify themselves, the Court may strike their pleadings.  Future filings by John Does will not be permitted without such identification.

Date:  September 16, 2010                              /s/
                                                                        ROSEMARY M. COLLYER
                                                                        United States District Judge

---

[1] Those pleadings are Motion to Quash [Dkt. # 14], Motion to Quash [Dkt. # 33], and Motion to Dismiss [Dkt. # 43].