UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WEST BAY ONE, INC.,<br>         Plaintiff,<br><br>v.<br><br>DOES 1-1,653,<br><br>Defendants. | Case No.:     1:10-cv-00481-RMC<br><br>REPLY OF EJ DONEY, AND THE OTHER MOVING DEFENDANTS TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' OMNIBUS MOTION TO DISMISS (Dkt, 45)<br><br>ORAL ARGUMENT REQUESTED |

**REPLY OF EJ DONEY AND THE OTHER MOVING DEFENDANTS TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S OMNIBUS MOTION TO DISMISS (Dkt, 45)**

**Table of Contents**

**Table of Contents**............................................................................................................................1
**Table of Authorities**.......................................................................................................................2
   1 Cases..........................................................................................................................................2
   2 Statutes......................................................................................................................................2
   3 Rules..........................................................................................................................................2
**Memorandum of Points and Authorities**....................................................................................3
**I. Argument**...................................................................................................................................3
   1 Plaintiff Misstates The Federal Rules of Civil Procedure........................................................3
   2 The Issue Of Jurisdiction Must Be Addressed Now To Ensure The Integrity Of This Proceeding...........4
   3 The Plaintiff Created The Very Situation It Decries................................................................5
         A. Plaintiff Should Have Filed a Petition for Pre-Litigation Discovery Under Fed. R. Civ. P. 27..6
         B. Plaintiff Law Firm's Business Model Is Based on a Falsehood................................7
   4 The Defendants Have a Due Process Interest In Being Dismissed From This Case At The Earliest Opportunity  if the Court Lacks Personal Jurisdiction Over Them.............................8
   5 The Presence or Absence of the Information from the ISPs is Irrelevant to the Question Before the Court...........................................................................................................................8
   6 Plaintiff's Objections to the Declarations Submitted By The Defendants Are Frivolous........10
         A. Plaintiff Did Not List a Cause of Action for Conspiracy In Its First Amended Complaint, So It May Not Now Assert That The Doe Defendants Worked Together In its Reply.........11
         B. Plaintiff's References To D.C. St. 13-423(a)(3) Are Not Supported By The Facts..................11
         C. The Plaintiff Was Able To Determine The General Geographic Location of Each Defendant's IP Address And Chose Not to Do So........................................................12
**II. Conclusion** ................................................................................................................................13

# Table of Authorities

## 1   Cases

* Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009),...........................................................................11
Barnett v. Obama, -- F.Supp.2d ----, 2009 WL 3861788 (C.D.Cal.,2009)................................12
Biton v. Palestinian Interim Self-Government Authority, 310 F.Supp.2d 172, 177 (D.D.C.2004)..........10
* Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472, 105 S.Ct. 2174 (1985)......................................8
Burnham v. Superior Court of California, County of Marin 495 U.S. 604, 608-609, 110 S.Ct. 2105 (1990)...........................................................................................................................................5
First Chicago Intern. v. United Exchange Co., Ltd., 836 F.2d 1375, 1378-79 (D.C.Cir.1988)............9, 10
Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980)...........................................................5
Grabner v. Willys Motors, Inc, 282 F2d 644 (9th Cir. 1960)....................................................3
GTE New Media Services Inc. v. BellSouth Corp., 199 F.3d 1343 (D.C.Cir. 2000),.................8
Moore v. Motz, 437 F.Supp.2d 88, 91(D.D.C.2006)...............................................................10
Novak-Canzeri v. Saud, 864 F.Supp. 203, 206(D.D.C.1994)..................................................10
Pennoyer v. Neff, 95 U.S. 714, 732, 24 L.Ed. 565 (1878)......................................................4,5
Rush v. Savchuk, 444 U.S. 320, 331-32, 100 S.Ct. 571 (1980)................................................10
Shaffer v. Heitner, 433 U.S. 186, 218, 97 S.Ct. 2569, 2587 (1977)...........................................8
State of Arizona v. State of California, 292 U.S. 341, 348, 54 S. Ct. 735 (1934)........................6
U.S. v. Sar-Avi, 255 F.3rd 1163, 1165(9th Cir. 2001)..............................................................14
Walton v. Federal Bureau of Prisons, 533 F.Supp.2d 107, 112 (D.D.C.2008).............................9

## 2   Statutes

D.C. St. §13-423..........................................................................................................5, 8, 12
D.C. St. §13-423(a)(3)........................................................................................................12

## 3   Rules

Fed. R. Civ. P. 4....................................................................................................................3
Fed. R. Civ. P. 12(b).............................................................................................................4
Fed.R. Civ. P. 15(a)(2).........................................................................................................12
Fed.R. Civ. P. 26(f)...............................................................................................................6
Fed. R. Civ. P. 27..............................................................................................................6, 7
Fed. R. Evid. 803(6).............................................................................................................9

COME NOW EJ DONEY, and the other Moving Defendants[1] and respectfully submits this Reply to the opposition filed by Plaintiff on September 24, 2010 to Defendants' Omnibus Motion to Dismiss.

**Memorandum of Points and Authorities**

I. Argument

*1    Plaintiff Misstates The Federal Rules of Civil Procedure*

In its opposition, Plaintiff initially asserts that dismissal of Mr. Doney and the Moving Defendants, is somehow "premature" (Dkt. 45, at 4). Specifically, Plaintiff claims "The plain language of the Federal Rules of Civil Procedure contemplates that a defendant can only respond to the complaint when that defendant has been named as a party and after a summons has been issued and served on a defendant (or service is waived by the defendant). (Dkt. 45, at 5).

In point of fact, the Federal Rules "contemplate[s]" no such thing. The intent of Fed. R. Civ. P. was to protect both the Defendant's interest in due process and the Plaintiff's interest in finality of a result by setting forth a uniform set of tasks to be accomplished for service to be considered valid. Indeed, Courts have held for decades that defects in personal jurisdiction can give rise to a motion to quash whether or not the Defendant has been properly served.

For example, in Grabner v. Willys Motors, Inc, 282 F.2d 644 (9th Cir. 1960), a party in an Oregon automobile negligence case attempted to serve a foreign corporation by certified mail upon the state corporations commissioner when the Oregon statute called for personal service upon the commissioner. The District Court, *sua sponte*, quashed the service and Plaintiff appealed. The Ninth

---

[1] This motion is filed on behalf of EJ Dooney (originally listed as John Doe #2) and six other "Doe" Defendants. In accordance with the Court's order that any future filings involving these parties (and future parties to this action) be brought in their true names, they are collectively listed in Exhibit A to this Document.

Circuit affirmed the trial Court, holding that "The fact that the papers were forwarded to appellee in due course is irrelevant. An invalid service may be quashed notwithstanding the fact that no prejudice can be shown." Grabner, Id. at 647.

Moreover, Plaintiff admits that a Motion to Dismiss, such as the one brought by Defendants, "must be made before pleading if a responsive pleading is allowed." See Fed. R. Civ. P. 12(b) and Dkt. 45, at 5-6.  There is no serious dispute that the Defendants have filed their Motion to Dismiss prior to the filing of an answer, which is all the rules require.  As the next section discusses in greater detail, the issue of whether or not the Court possesses sufficient jurisdiction must be addressed at this time to protect the due process rights of all participants. Plaintiff's arguments must fail and Defendant's motion to dismiss and, where it remains pending, the motion to quash, should be granted.

## 2    The Issue Of Jurisdiction Must Be Addressed Now To Ensure The Integrity Of This Proceeding

Since 1878, it has been settled law in the United States that an order from a court which lacks personal jurisdiction over a party violates the Due Process Clause.  See Pennoyer v. Neff, 95 U.S. 714, 732, 24 L.Ed. 565 (1878).  The principle that an order from a Court which lacks jurisdiction over a party is void is even ***older than the United States itself***, as the U.S. Supreme Court observed on in 1990:

> The proposition that the judgment of a court lacking jurisdiction is void traces back to the English Year Books, see *Bowser v. Collins,* Y.B.Mich. 22 Edw. IV, f. 30, pl. 11, 145 Eng.Rep. 97 (Ex. Ch. 1482), and was made settled law by Lord Coke in *Case of the Marshalsea,* 10 Coke Rep. 68b, 77a, 77 Eng.Rep. 1027, 1041 (K.B. 1612). Traditionally that proposition was embodied in the phrase *coram non judice,* "before a person not a judge"-meaning, in effect, that the proceeding in question was not a *judicial* proceeding because lawful judicial authority was not present, and could therefore not yield a *judgment.*

Burnham v. Superior Court of California, County of Marin 495 U.S. 604, 608-609,  110 S.Ct. 2105 (1990) (Emphasis original).

4

The longer the question of whether or not the Court possesses personal jurisdiction over the Moving Defendants is avoided, the greater the uncertainty which will attach to all of the Court's rulings in this case. If, as appears exceedingly likely from the Court's own *sua sponte* observations and the declarations submitted by several defendants, the Court lacks sufficient personal jurisdiction over the thousands of Defendants who do not reside in the District of Columbia and who do not fit into the categories articulated by D.C. St. 13-423, then the Court *must* dismiss them from this action. To do anything else is a violation of the most basic considerations of due process, as articulated by <u>Pennoyer</u>, <u>Burnham</u>, and their progeny. Plaintiff's arguments must fail and Defendant's motion to dismiss and, where it remains pending, the motion to quash, should be granted.

### 3   The Plaintiff Created The Very Situation It Decries

The heart of Plaintiff's argument can be found on page eight of its opposition, where it indignantly asserts that "allowing the Doe Defendants to interject themselves by way of responsive pleadings or motions to dismiss [would] impinge on Plaintiff's right and discretion to choose which Defendants to name" (Dkt. 45, at 8, fn.5) and that it would somehow "not make practical sense to dismiss particular Doe Defendants on a piecemeal basis before that time." (Dkt 45, at 8).

As an initial matter, Plaintiff cites **no** authority in support of its alleged "right…to choose which Defendants to name". Indeed, the entire *raison d'etre* behind its discovery requests is to replace each "Doe" defendant with the true name of an individual, since the use of Doe defendants is generally disfavored in federal practice. *See generally* <u>Gillespie v. Civiletti</u>, 629 F.2d 637, 642 (9th Cir. 1980).

Indeed, the Plaintiff obtained the extraordinary relief of being able to conduct discovery prior to a Fed.R. Civ. P. 26(f) scheduling conference based on its express and implied statements to this Court that it needed the subpoenas in order to *replace* the 1,653 "Does" with 1,653 true names of defendants. But were the Court to carry the Plaintiff's claims to their logical ends, it would fast appear that Plaintiff

5

effectively concedes in its reply, that it intentionally sought to waste the Court's valuable time and resources to obtain subpoenas on defendants for the sole purpose of launching a fishing expedition to obtain the defendant's personal information.

This misrepresentation alone by the Plaintiff would merit dismissal of this case and imposition of sanctions against the Plaintiff and its lawyers. However, the situation is *further* aggravated by the fact that the Plaintiff had a plain, speedy and adequate remedy under the law to obtain the information it is seeking which would not have implicated the jurisdictional issues, as discussed below.

**A. Plaintiff Should Have Filed a Petition for Pre-Litigation Discovery Under Fed. R. Civ. P. 27**

If Plaintiff had simply filed a petition for pre-litigation discovery under Fed. R. Civ. P. 27 before it charged into court on this action, it is no exaggeration to say there would be *no* Doe defendants at all. Over seventy years ago, the U.S. Supreme Court held in State of Arizona v. State of California, 292 U.S. 341, 54 S. Ct. 735 (1934) that this type of pre-litigation discovery is appropriate when:

> [it] appear[s] that the facts which the plaintiff expects to prove by the testimony of the witnesses sought to be examined will be material in the determination of the matter in controversy; that the testimony will be competent evidence; that depositions of the witnesses cannot be taken and perpetuated in the ordinary methods prescribed by law, because the then condition of the suit (if one is pending) renders it impossible, or (if no suit is then pending) because the plaintiff is not in a position to start one in which the issue may be determined; and that taking of the testimony on bill in equity is made necessary by the danger that it may be lost by delay.

Id at 348.

Under Fed. R. Civ. P. 27, Plaintiff c*ould* have filed a petition seeking to take the deposition of the custodian of records for each of the ISPs seeking the disclosure of the customer records which are the subject of its extant subpoenas. Plaintiff *could* have easily qualified for a Fed. R. Civ. P. 27 deposition subpoena given that it was "not in a position to start" a lawsuit given its admitted ignorance of the identities of the alleged defendants, as Arizona v. California, requires. Moreover, the Plaintiff might have in fact been in a better position to argue that the data logs held by the ISPs were in danger of

being destroyed, which (assuming the truth of this claim for the present purposes of this motion only) would have offered further compelling support for a Rule 27 petition.  However, Plaintiff elected *not* to do this, and instead sought to file a single motion before this Court.

### B. Plaintiff Law Firm's Business Model Is Based on a Falsehood

Of course, it is far more expensive for the Plaintiff to sue one defendant at a time (or even each individual ISP at a given time) in various courts around the country which actually *maintain* personal jurisdiction over at least some of the Defendants in this case. Instead, it's far easier, and less costly to the Plaintiffs to hale thousands of people into a forum hundreds or thousands of miles away from their residence on what amounts to a false claim of jurisdiction.  Moreover, it is far easier for the Plaintiff and its law firm to improperly coerce the same Defendants into paying thousands of dollars in "pre-litigation settlements" by threatening them with the potential of hundreds of thousands of dollars in damages if the burden of litigating in a distant forum is added to the mix.  By entertaining the Plaintiff's efforts, the court is condoning (and implicitly encouraging) copyright owners to use the courts as a means to obtain abusive and extortionary rents against individuals—regardless of their guilt or innocence.[2]

If Congress had wanted to empower this Court with universal jurisdiction over these types of cases, it has had ample means to do so via legislation.  Since that has not occurred, the Plaintiff must comply with the rules and principles regarding personal jurisdiction, some of which date back to King Edward the IV of England.  As it has failed to do so, Defendant's motion to dismiss and, where it remains pending, the motion to quash, should be granted.

---

[2] In fact, since the Plaintiff's initial filings, nearly half a dozen similar suits have been filed by so-called copyright claimants across the country.  *See:* David Kravets, *Newspaper Chain's New Business Plan: Copyright Suits,* (July 22, 2010), Wired.com at: http://www.wired.com/threatlevel/2010/07/copyright-trolling-for-dollars/?utm_source=feedburner&utm_medium=feed&utm_campaign=Feed%3A+wired27b+%28Blog+-+27B+Stroke+6+%28Threat+Level%29%29  (detailing the various suits against bloggers, including in some cases over five-sentence news exerpts); *Press Release*, *Copyright Enforcement Group Catalog Surpasses 10,000 Titles,* (Aug. 9, 2010), RushPr.com at: http://rushprnews.com/2010/08/09/copyright-enforcement-group-catalog-surpasses-10000-titles;  Jacqui Cheng, *Porn Studios Borrowing from RIAA Playbook* (Sept. 27, 2010), Ars Technica at http://arstechnica.com/tech-policy/news/2010/09/porn-studios-borrowing-from-riaa-playbook-with-p2p-lawsuits.ars.

### *4   The Defendants Have a Due Process Interest In Being Dismissed From This Case At The Earliest Opportunity if the Court Lacks Personal Jurisdiction Over Them*

As the U.S Supreme Court held over twenty years ago in Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472, 105 S.Ct. 2174 (1985):

> The Due Process Clause protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful 'contacts, ties, or relations.' By requiring that individuals have 'fair warning that a particular activity may subject [them] to the jurisdiction of a foreign sovereign,' the Due Process Clause 'gives a degree of predictability to the legal system that allows potential defendants to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit,' [internal citations omitted].

All of the factors cited by the Burger King Court are present in bas relief in this action. Based on prior orders of this Court, *all* defendants have been placed on notice by their respective ISPs that they are in danger of being named in this action and that this will likely occur if the ISP complies with the Plaintiff's subpoena. Not surprisingly, several defendants have in turn taken the reasonably foreseeable step to retain counsel to protect their interest and to terminate the defendant's compelled participation in a lawsuit thousands of miles away from their domicile.

Every day that this litigation continues imposes additional financial and emotional costs on all defendants. It is frankly reprehensible for the Plaintiff, which has already insouciantly disrupted the lives of several thousand people by ignoring the most basic requirements of this Court's jurisdiction as set forth in D.C. St. §13-423 and GTE New Media Services Inc. v. BellSouth Corp., 199 F.3d 1343 (D.C.Cir. 2000), to further claim that this Court cannot evaluate the jurisdiction question until the *Plaintiff* decides it is ready for the Court to do so. Defendant's motion to dismiss should be granted.

### *5   The Presence or Absence of the Information from the ISPs is Irrelevant to the Question Before the Court*

Plaintiff's claim that somehow the Court is without the power to adjudicate this question until all ISPs comply with the extant subpoenas is yet another example of its arrogance. As it knows full well,

each of the participating Moving Defendants has submitted a declaration identifying themselves and attesting under penalty of perjury that they have not engaged in *any* conduct which would bring them within the ambit of the District of Columbia's long-arm statute. Moreover *each* of those declarations is identified by the IP address listed on Plaintiff's subpoena, and has for the purposes of this reply, also declared their true name as required by the Court. Therefore there should be no serious question about their respective identities.

It is not exactly a state secret how the Defendants learned of this action—they received a letter from their ISP which the Court directed to be sent out. Plaintiff has cited no facts which would give rise to a credible fear that swarms of officious intermeddlers are attempting to insert themselves into the action. Nor has Plaintiff explained how the business records of an ISP, are—pursuant to Fed. R. Evid. 803(6)—somehow automatically *more* credible than declarations signed under penalty of perjury, such as those provided by the Defendants.

Indeed, the use of affidavits or declarations, such as those submitted by the Defendants, is routine in 12(b)(2) motions. "It is the plaintiff's burden to make a *prima facie* showing that the Court has personal jurisdiction over the defendants. See First Chicago International v. United Exchange Co.*,* 836 F.2d 1375, 1378-79 (D.C.Cir.1988); Walton v. Bureau of Prisons*,* 533 F.Supp.2d 107, 112 (D.D.C.2008). Moreover, the "[p]laintiff must allege specific facts on which personal jurisdiction can be based; [he] cannot rely on conclusory allegations." Moore v. Motz*,* 437 F.Supp.2d 88, 91 (D.D.C.2006). Nor can the Plaintiff "**aggregate factual allegations concerning multiple defendants** in order to demonstrate personal jurisdiction over any individual defendant. See Rush v. Savchuk*,* 444 U.S. 320, 331-32, 100 S.Ct. 571, 62 L.Ed.2d 516 (1980). Finally, the Court may look outside the allegations of the complaint in ruling on a Rule 12(b)(2) motion, but " 'must accept Plaintiff's [factual] claims as true ... **unless they are directly contradicted by an affidavit**.' " Biton v. Palestinian Interim Self-Government

Authority., 310 F.Supp.2d 172, 177 (D.D.C.2004) (quoting Novak-Canzeri v. Al Saud, 864 F.Supp. 203, 206 (D.D.C.1994)).

In the instant case, Plaintiffs have proffered no evidence beyond naked speculation that this Court possesses sufficient personal jurisdiction over each and every Defendant, much less made out a *prima facie* case for such jurisdiction, as required by the D.C. Circuit in First Chicago.

By contrast, the Moving Defendants have provided all the information which they think might be helpful to the Court in making its determination.  If further information would be helpful to the Court, they would be happy to provide it to the Court upon request.  Similarly, if the Court would prefer each Defendant who objects to personal jurisdiction to appear in person or, if outside the D.C. area, telephonically at an evidentiary hearing that can also be arranged.

The law is clear—it is the *Plaintiff's* responsibility, not the Defendant's—to make out a *prima facie* case that jurisdiction exists and is proper. Since the Plaintiff has repeatedly failed to do so, Defendant's motion to dismiss should be granted.

### 6     *Plaintiff's Objections to the Declarations Submitted By The Defendants Are Frivolous*

Next, Plaintiff alleges that the declarations submitted by the Doe Defendants "do not conclusively establish that the Court lacks personal jurisdiction over them". (Dkt. 45, at 11).  Per usual, Plaintiff fails to cite *any* authority in support of its claim that declarations must "conclusively establish" a lack of jurisdiction.  As the Court is well aware, it is the *Plaintiff's* burden to establish a *prima facie* case that jurisdiction exists, rather than the Defendant's burden to prove it does not.

As Plaintiff insists on remaining in a state of blissful ignorance when it comes to the U.S. Supreme Court's holding in Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009), it is regrettably necessary for the Defendants to revisit this point.  In Iqbal, the Court held that "[A] court considering a motion to dismiss can choose to begin by identifying pleadings that **because they are no more than conclusions**, are not

entitled to the assumption of truth. " Iqbal, Id,. at 1950. (Emphasis added). The Iqbal Court recognized that a motion to dismiss usually, if not always, comes before the Court prior to discovery. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, Id., at 1950.

Applying these principles to the instant action, mere speculation that a defendant may be found within this judicial district (as Plaintiff indulged in its amended complaint) or its remarkable statement in its opposition that "[t]he Court could still have jurisdiction over these Doe Defendants because they could have specifically directed their alleged infringing activities to the District of Columbia by downloading or uploading Plaintiff's copyrighted work with another Doe Defendant based in the District of Columbia or because they committed the infringing activities while visiting the jurisdiction"(Dkt. 45, at 11) completely fails the Iqbal test.

### A. Plaintiff Did Not List a Cause of Action for Conspiracy In Its First Amended Complaint, So It May Not Now Assert That The Doe Defendants Worked Together In its Reply

Plaintiff listed a single cause of action for infringement of copyright in its first amended complaint. (Dkt. 30). If it wishes to amend that complaint, it must seek leave of Court to do so. *See* Fed.R. Civ. P. 15(a)(2). It may not now amend its complaint *sub silento* by raising a fatuous conspiracy claim as part of its answer to a jurisdictional challenge where it has not met its burden of establishing a *prima facie* case that this Court possesses sufficient personal jurisdiction over the Defendants.

### B. Plaintiff's References To D.C. St. 13-423(a)(3) Are Not Supported By The Facts

As the Plaintiff knows, the only way this Court can extend personal jurisdiction over non-residents of the District of Columbia is through the application of D.C. St. 13-423. As the Court is aware, DC St. 13-423(a)(3) provides that the Court has jurisdiction over nonresidents when that

11

nonresident "caus[es] tortuous injury **in the District of Columbia** by **an act or omission in the District of Columbia**."(Emphasis added).

Plaintiff offers *no* facts or argument—other than sheer speculation—to support its remarkable claim that somehow, the Defendants managed to alter their IP addresses so that it would *appear* that they were in their home jurisdictions when they were actually in the District of Columbia.

Any deference to Plaintiff ordinarily shown by the Court in Motion to Dismiss situations is based on a fact not in evidence here—i.e. that Plaintiff actually presents facts, rather than speculative musings as to why the Court "could" have jurisdiction. Sheer speculation gives rise neither to standing nor to jurisdiction. *See generally* Barnett v. Obama, --- F.Supp.2d ----, 2009 WL 3861788 (C.D.Cal.,2009) (Oct. 29, 2009) (dismissal of "birther" lawsuit asserting President Obama lacked the qualifications to be elected president).

Dismissal of a Defendant on jurisdictional grounds does not deprive the Plaintiff of a remedy. Instead, all the Plaintiff has to do is to sue that Defendant in the Court which *has* personal jurisdiction over that Defendant. Until and unless that happens, Defendant's motion to dismiss and, where it remains pending, the motion to quash, should be granted.

### C. The Plaintiff Was Able To Determine The General Geographic Location of Each Defendant's IP Address And Chose Not to Do So

Next, Plaintiff asserts that since the geolocation tools available on the Internet are—like every other product created by human agency—not 100% reliable, they should not be held to account for wasting the time of this Court and the Defendants by recklessly haling thousands of people into Court over whom this Court had no personal jurisdiction.

Plaintiff's primary objection is that the tools have between a 50 to 80 percent accuracy rate in determining the *city* where a computer is located. (Dkt. 45, at 17). Plaintiff has raised no objection as to

the accuracy of the *state* where an IP address is located, which is more relevant for jurisdictional purposes.  It is undisputed, for example, that Mr. Doney is a resident of Virginia (approximately 220 miles away from this judicial district) and other members of the Moving Defendant group are equally geographically diverse. Accordingly, Defendant's motion to dismiss should be granted.

## II. Conclusion

Notwithstanding repeated advisements that it is pursuing litigation against individuals over whom this Court has no personal jurisdiction, the Plaintiff has elected to continue its course of arrogant defiance of the Due Process Clause and the bedrock principles of jurisdiction analysis while inviting this Court to ignore binding precedent on both subjects.  To aggravate matters further, it has the *chutzpah*[3] to demand that the Court penalize Defendants' counsel for discharging their professional responsibilities.

In the interests of justice, the Court should grant the Defendants' motion to dismiss and award the Defendants all such and other relief as it deems just and proper.

---

[3] "It is fortuitous that 'Yiddish is quickly supplanting Latin as the spice in American legal argot;' otherwise we might be bereft of a satisfactory description of [the] argument in this case. Fortunately, 'chutzpah' is available, because our use of it is quite inevitable" U.S. v. Sar-Avi, 255 F.3rd 1163, 1165 (9th Cir. 2001).

Respectfully submitted this 1st day of October 2010

                                /s/
CAREY N. LENING, ESQ.
LAW OFFICE OF CAREY N. LENING
DC Bar No. 449284
1325 G. St. NW Ste. 500
Washington, DC 20005
(202) 709-4529
carey.lening@careylening.com

Attorney for Moving Defendants

## CERTIFICATE OF SERVICE

I am the attorney for the listed defendants. On October 1st, 2010 I sent a true and complete copy of the foregoing REPLY OF EJ DONEY AND MOVING DEFENDANTS TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S OMNIBUS MOTION TO DISMISS (Dkt, 45)

to the following parties and/or their attorneys of record via United States Mail and/or where indicated, via facsimile transmission:

Mr. Nicholas A. Kurtz, Esq.,
Dunlap, Grubb & Weaver PLLC
199 Liberty Street S.W.
Leesburg, VA 20175

Ms. Saquonna Wheeler
Subpoena Coordinator
Cox Communications
1400 Lake Hearn Drive
Atlanta GA 30319
Via Facsimile: 404-269-6841

Comcast Legal Response Center
NE&TO
650 Centerton Road
Moorestown, NJ 08057
Via Facsimile:866-947-5587


//
I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.