~~Case 1:10-cv-00481-RMC    Filed 11-08-2010    Page 1 of 1~~

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| WEST BAY ONE, INC. | ) |
| Plaintiff, | ) |
| v. | ) Case 1:10-CV-00481-RMC |
| DOES 1-1,653 | ) |
| Defendants, | ) |

*Let this be filed 11/15/10*

## MOTION TO SQUASH OR VACATE THE SUBPOENA

The Plaintiff has no evidence to suggest that the Defendent has violated Plaintiff's rights in any way and therefore has no right to force Defendent to answer charges which have no material basis and are unreasonable.

There was no indication that Defendent downloading the film provided by Comcast would provide culpability for Defendent nor make Defendent subject to this suit.

At no time after viewing the film did Defendent distribute the film to anyone.

Therefore, Defendent requests the Court to squash or vacate the Subpoena in behalf of Defendent Mohammad Ahmed currently living at 5764 Stevens Forest #323, Columbia, Maryland 21045.

This request is being filed prior to November 22, 2010 pursuant to the Court's request.

Dated: 11-10-2010          *Mohammad Ahmed*
                                    Mohammed Ahmed

**RECEIVED**

NOV 10 2010

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia



NE&TO
650 Centerton Road
Moorestown, NJ 08057
866-947-8572 Tel
866-947-5587 Fax

October 22, 2010

*Personal and Confidential*

*Via UPS Delivery*

MOHAMMAD AHMED
5764 STEVENS FOREST #323
COLUMBIA, MD 21045

    Re:    *West Bay One, Inc., v. Does 1-1,653*
           United States District Court for the District of Columbia
           Docket No. 1:10-cv-00481-RMC
           Complaints Filed: July 30, 2010
           Order Entered: July 30, 2010
           Comcast File #: 186842

Dear Mohammad Ahmed,

    West Bay One, Inc. has filed a lawsuit in the United States District Court for the District of Columbia. You have been identified via your assigned Internet Protocol address in this lawsuit for allegedly infringing West Bay One, Inc.'s copyrights on the Internet by uploading and/or downloading a movie using a computer assigned the Internet Protocol address 68.49.20.66 on 2/14/2010 2:36 AM GMT. The Court has ordered Comcast to supply your name and address and other information to West Bay One, Inc. in the lawsuit referenced above and in the accompanying Subpoena, which is attached. Your case has been assigned Docket Number 1:10-cv-00481-RMC by the Court. If you have any questions about the lawsuit, you should consult an attorney immediately. Comcast cannot and will not provide any legal advice.

    Comcast will provide your name and address and other information as directed in the Order unless you or your attorney file a motion to quash or vacate the Subpoena <u>no later than November 22, 2010</u>. If you make this filing, you must notify Comcast in writing with a copy of the filing by sending it via fax to **866-947-5587** <u>no later than November 22, 2010</u>. If you do not file a motion to quash or vacate the Subpoena by this date, or if you fail to notify Comcast of your filing by this date, Comcast will provide your name and address and other information as directed in the Order to the Plaintiff.

    If you have any questions, you may contact us at **(866) 947-8572**.

                                             Sincerely yours,

                                             Comcast Legal Response Center

Attachments:    Copy of Court Order, accompanying Subpoena, and Court Notice regarding civil action

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| WEST BAY ONE, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CA. 1:10-cv-00481-RMC |
| | ) |
| DOES 1 – 1,653 | ) |
| | ) |
| Defendants. | ) |

### [PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR APPROVAL OF DISCOVERY

The Court having considered Plaintiff's motion for approval of discovery:

ORDERED that Plaintiff's motion is granted. ORDERED that Plaintiff is allowed to proceed with any outstanding subpoenas already served and to serve any remaining subpoenas on the internet service providers (ISPs) listed in Exhibit A to Plaintiff's First Amended Complaint to obtain the identity of each Doe Defendant therein by serving a Rule 45 subpoena that seeks information sufficient to identify each Defendant, including name, current (and permanent) addresses, telephone numbers, email addresses, and Media Access Control addresses, and the ISPs shall respond to such subpoenas; it is further

ORDERED Plaintiff shall provide each ISP subject to this Order with a copy of the Court-Directed Notice approved by the Court via Minute Order dated July 22, 2010, and each ISP subject to this Order shall provide the Court-Directed Notice to the Doe Defendants before disclosing any identifying information to Plaintiff; it is further

ORDERED any information disclosed to Plaintiff in response to a Rule 45 subpoena may be used by Plaintiff solely for the purpose of protecting Plaintiff's rights as set forth in its Complaint and First Amended Complaint; it is further

ORDERED that Plaintiff shall provide each ISP subject to this Order with a copy of this Order.

Dated: 30 July 2010

/s/ Rosemary M. Collyer
Hon. Rosemary M. Collyer
United States District Judge

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Columbia

| West Bay One, Inc. | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 1:10-cv-00481-RMC |
| Does 1-1,653 | ) | |
| | ) | (If the action is pending in another district, state where: ) |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Comcast Cable Communications, Attn: Colin Padget/ Legal Response Center, 650 Centerton Road Moorestown, NJ 08057, care_customer@cable.comcast.com, Fax 866-947-5587

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: In accordance with the conditions in the attached orders, provide the name, current (and permanent) addresses, telephone numbers, e-mail addresses and Media Access Control addresses of all individuals whose IP addresses are listed in the attached spreadsheet.

| Place: Nicholas A. Kurtz, Dunlap, Grubb & Weaver, PLLC 1200 G Street, NW Suite 800, Washington, DC 20005 | Date and Time: 10/01/2010 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: 07/30/2010

*CLERK OF COURT*

OR

_____
*Signature of Clerk or Deputy Clerk*     *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* __Plaintiff__ __West Bay One, Inc.__ , who issues or requests this subpoena, are:
Nicholas A. Kurtz, Dunlap, Grubb & Weaver, PLLC, 1200 G Street, NW Suite 800, Washington, DC 20005
Tel: 877-223-7212, Fax: 866-874-5101, email: subpoena@dgwlegal.com

## READ AT ONCE

## COURT-DIRECTED NOTICE REGARDING ISSUANCE OF SUBPOENA SEEKING DISCLOSURE OF YOUR IDENTITY

A legal document called a subpoena has been sent to your Internet Service Provider, Comcast, requiring the disclosure of your name, address and other information. The subpoena was issued pursuant to a Court Order in one of the lawsuits pending in the United States District Court for the District of Columbia.

Plaintiff, *West Bay One, Inc.*, has filed a lawsuit alleging that various people have infringed their copyright by illegally downloading and/or distributing the movie *The Steam Experiment or The Chaos Experiment.* However, the Plaintiff does not know the actual names or addresses of these people – only the Internet Protocol address ("IP address") of the computer associated with the illegal activity.

Accordingly Plaintiff has filed their lawsuit against anonymous "John Doe" defendants and issued subpoenas to various Internet Service Providers to determine the identity of these people. If you are receiving this notice, that means the Plaintiff has asked your Internet Service Provider to disclose your identifying information to them, including your name, current (and permanent) addresses, and your e-mail address and Media Access Control number. Enclosed is a copy of the subpoena seeking your information and the exhibit page containing the IP address that has been associated with your computer and showing the date and time you are alleged to have used the Internet to download or upload the particular movie.

This is a civil lawsuit, not a criminal case. You have not been charged with any crime. If the Plaintiff receives your information from your Internet Service Provider, you will likely be added as a named defendant to the lawsuit.

## INFORMATION ABOUT YOU HAS NOT YET BEEN DISCLOSED, BUT IT WILL BE DISCLOSED IN 30 DAYS IF YOU DO NOT CHALLENGE THE SUBPOENA.

Your identifying information has not yet been disclosed to the Plaintiff.

This notice is intended to inform you of some of your rights and options. It does not provide legal advice. We cannot advise you about what grounds exist, if any, to challenge this subpoena. If you would like legal advice you should consult an attorney. On the following pages of this notice you will find a list of resources that may help you locate an attorney and decide how to respond to the subpoena or lawsuit.

If you want to prevent being identified, you have 30 days from the date of this notice to file a motion to quash or vacate the subpoena. You must also notify your ISP. If you need more than 30 days to file such a motion or find a lawyer to assist you, you

can file a motion asking for an extension of time; you should notify your ISP if you file a motion asking for more time.

If you file a motion to quash the subpoena, your identity will not be disclosed until the court makes a decision on your motion. If you do nothing, then after 30 days your ISP will be compelled to send the Plaintiff your name, address, e-mail address, telephone number, and your modem's Media Access Control number.

You may wish to obtain an attorney to advise you on these issues or to help you take action.

To help you find a lawyer, the American Bar Association's attorney locator can be found on the Internet at:

http://www.abanet.org/lawyerlocator/searchlawyer.html

The Bar Association of the District of Columbia has a Lawyer Referral Service that can be reached at 202-296-7845.

The Electronic Frontier Foundation is an organization that seeks to protect the rights of Internet users. They have created a website that lists attorneys who have volunteered to consult with people in your situation and contains further information about the lawsuit that has been filed against you as well as similar lawsuits:

https://www.eff.org/issues/file-sharing/subpoena-defense

OTHER ISSUES REGARDING THE LAWSUIT AGAINST YOU

To maintain a lawsuit against you in the District Court for the District of Columbia, the court must have personal jurisdiction over you. You may be able to challenge the District Court for the District of Columbia's personal jurisdiction over you. However, please note that even if your challenge is successful, the Plaintiff can still file against you in the state in which a court has personal jurisdiction over you.

If you are interested in discussing this matter with the Plaintiff's attorneys, Dunlap Grubb & Weaver, PLLC, you may contact them by telephone at (877) 223-7212, by fax at (866) 874-5101 or by e-mail at subpoena@dgwlegal.com. Please understand that these lawyers represent the company that sued you. They can speak with you about settling the lawsuit, if you wish to consider that. You should be aware that if you contact them they may learn your identity, and that anything you say to them can later be used against you in court.

You should not call the Court.

Again, you may wish to retain an attorney to discuss these issues and your options.

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).