**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA**

| | |
|---|---|
| WEST BAY ONE, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CA. 1:10-cv-00481-RMC |
| ) | |
| DOES 1 – 1,653 ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**PLAINTIFF'S FURTHER MOTION FOR EXTENSION OF TIME TO NAME AND
SERVE DEFENDANTS [Fed. R. Civ. P. 4(m)]**

I. INTRODUCTION

Plaintiff submits this further statement regarding the status of service on Defendants and requests an extension of time to name and serve Defendants. On July 20, 2010, Plaintiff filed a motion for an extension of time to name and serve Defendants. [Doc. No. 28] The Court granted Plaintiff's motion and stated that "Plaintiff shall name and serve all defendants no later than November 18, 2010." [Minute Order of 7/22/10] However, because Plaintiff has not received all the information to identify all of the Doe Defendants from all of the ISPs, Plaintiff requests additional time to name and serve the Defendants.

To briefly summarize Plaintiff's case, Plaintiff has identified certain Defendants who have unlawfully copied and distributed Plaintiff's motion picture "The Steam Experiment" also known as "The Chaos Experiment," over the Internet. At this point, Plaintiff has only been able to identify the Doe Defendants by their Internet Protocol ("IP") addresses and the date and time of alleged infringement. The only way that Plaintiff can determine Defendants' actual names is

from the Internet Service Providers ("ISPs") to which Defendants subscribe and from which Defendants obtain Internet access.

Plaintiff has received information from most of the ISPs sufficient to identify most of the Doe Defendants.  However, Plaintiff has not received information from all of the ISPs and has not received information for all of the Doe Defendants.  Further, Plaintiff has sent correspondence to the Doe Defendants already identified by the ISPs in an attempt to either settle with those Doe Defendants before naming and serving them or to further ascertain the merits of Plaintiff's case against those certain Doe Defendants.[1]

With respect to at least one ISP, Time Warner Cable, by order of this Court, Plaintiff is able to obtain identifying information for no more than 28 IP addresses per month (combined in two cases).  The IP addresses are the only means by which Plaintiff is able to obtain identifying information on the individual Defendants named as "Doe" defendants in the instant case. Because Time Warner is holding nearly 400 IP addresses and is releasing what amounts to only 14 per month, it will take 29 months to obtain all of the data held by Time Warner.

Therefore, Plaintiff requests that the court extend the time by which Plaintiff must name and serve the Defendants in this case to a reasonable time after Plaintiff has received all of the identifying information for all Defendants.

---

[1] Because Plaintiff has not yet named or served a Defendant in this case, Plaintiff has not served this statement on any Doe Defendant and, accordingly, does not attach a certificate of service.

II. ARGUMENT

    A.    UPON A SHOWING OF GOOD CAUSE, THE COURT MUST EXTEND THE TIME FOR SERVICE ON DEFENDANTS.

Pursuant to Federal Rule of Civil Procedure, a defendant must be served within 120 days after the complaint is filed. Fed. R. Civ. P. 4(m). However, if the plaintiff shows good cause for the failure to serve a defendant, "the court *must* extend the time for service for an appropriate period." *Id.* (emphasis added); see also <u>Panaras v. Liquid Carbonic Industries Corp.</u>, 94 F.3d 338, 340 (7th Cir. (Ill.) 1996) ("In other words, where good cause is shown, the court has no choice but to extend the time for service, and the inquiry is ended."). Further, district courts have discretion to grant extensions of the 120-day period to effect service of process even in absence of good cause. *See* <u>Henderson v. U.S.</u>, 517 U.S. 654, 662, 116 S.Ct. 1638, 1643 (1996) (citing Advisory Committee's Notes on Fed. Rule Civ. Proc. 4, 28 U.S.C.App., p. 654).[2]

"To determine whether good cause exists, a court considers whether plaintiff made reasonable efforts to serve defendant and whether defendant has been prejudiced by the delay." <u>Coleman v. Cranberry Baye Rental Agency</u>, 202 F.R.D. 106, 109 (N.D.N.Y. 2001). "Good cause is 'generally found only in exceptional circumstances where the plaintiff's failure to serve process in a timely manner was the result of circumstances beyond its control.'" <u>Eastern Refractories Co., Inc. v. Forty Eight Insulations, Inc.</u>, 187 F.R.D. 503, 505 (S.D.N.Y. 1999)

---

[2] "The factors to be considered in deciding whether to grant this relief are '(1) whether the applicable statute of limitations would bar the refiled action; (2) whether the defendant had actual notice of the claims asserted in the complaint; (3) whether the defendant had attempted to conceal the defect in service; and (4) whether the defendant would be prejudiced by the granting of plaintiff's request for relief from the provision.'" <u>Beauvoir v. U.S. Secret Service</u>, 234 F.R.D. 55, 58 (E.D.N.Y. 2006) (quoting <u>Carroll v. Certified Moving & Storage Co.</u>, LLC, 2005 WL 1711184 (E.D.N.Y) at *2).

(quoting Nat'l Union Fire Ins. Co. v. Sun, No. 93 Civ. 7170(LAP), 1994 WL 463009, at *3 (S.D.N.Y. Aug. 25, 1994)).

When a complaint involves unidentified, "doe" defendants, the courts have been sympathetic to allowing a plaintiff additional time beyond the initial 120 days to conduct discovery to identify the defendants and subsequently name and serve them.  *See* Aviles v. Village of Bedford Park, 160 F.R.D. 565, 568 (N.D.Ill. 1995) (stating that "Aviles has initiated discovery aimed at determining the officers' identities, and we are hesitant to dismiss a potentially meritorious lawsuit on essentially procedural grounds when such discovery requests are outstanding"); *see also* Gillespie v. Civiletti, 629 F.2d 637 (9th Cir. (Wash.) 1980) (holding that the "district court abused its discretion in not permitting the discovery sought by the appellant [to disclose the identity of doe defendants] and the court's subsequent dismissal of the complaint was error").

B. PLAINTIFF HAS GOOD CAUSE TO EXTEND THE TIME LIMIT FOR SERVICE.

Plaintiff filed its complaint against 2,000 Doe Defendants on March 23, 2010.  [Doc. No. 1]  Plaintiff then filed a Motion for Leave to Take Discovery Prior to the Rule 26(f) Conference, which was granted by this Court on April 13, 2010.  [See Doc. Nos. 3, 4][3]  Further, on July 30, 2010, the Court granted Plaintiff's motion for approval to conduct discovery under the First Amended Complaint.  [Doc. No. 32][4]

---

[3] The motion was granted and ordered entered by Judge John D. Bates, prior to the case being reassigned.  [See Doc. No. 4]

[4] Plaintiff's First Amended Complaint was filed on July 27, 2010 and named Does 1-1,653 as Defendants. [Doc. No. 30] However, Plaintiff recognizes that the period for service of process

Starting on April 28, 2010, Plaintiff served approximately 20 subpoenas on the non-party ISPs, requesting a production date of May 21, 2010. However, as the Court is well aware, because of various motions and proceedings, the production of documents and information from the ISPs has been severely delayed. As one example, Plaintiff did not receive the production from AT&T until November 17, 2010.

Plaintiff has received some information responsive to some of its subpoenas but not all. Further, Plaintiff has not yet received all of the information from all ISPs. First, Plaintiff has not received any information from Cablevision/Optimum, Clearwire, Comcast, and Time Warner. Excluding Time Warner, Plaintiff has not received identifying information for over 400 Doe Defendants. Plaintiff anticipates receiving the productions from these ISPs, excluding Time Warner, in the very near future.

Plaintiff has not received information from Time Warner because of the motion to quash filed by Time Warner and the Court's subsequent order. More specifically, the Court's order stated that "TWC shall provide identifying information for a minimum of 28 IP addresses per month combined for IP addresses related to *West Bay One, Inc. v. Does 1-2000*, Civ. No. 10-481 and *Achte/Neutnte Boll Kino Beteiligungs GMBH & Co. KG v. Does 1-4,577*, Civ. No. 10-453, and the subpoena return date is extended consistent with that limitation." [Doc. No. 24]

As of the date of this motion, Plaintiff has received two productions from Time Warner, totaling 56 IP addresses, but those productions were for *Achte/Neutnte Boll Kino Beteiligungs GMBH & Co. KG v. Does 1-4,577*, Civ. No. 10-453. Plaintiff has not received any production

---

is not restarted by filing of an amended complaint except as to those defendants newly added in amended complaint. Bolden v. City of Topeka, 441 F.3d 1129, 1148 (10th Cir. (Kan.) 2006) (on remand 2006 WL 3087126); *see also* Jennis v. Rood, 488 F.Supp.2d 172, 179 (N.D.N.Y. 2007) (affirmed in part, vacated in part and remanded 310 Fed.Appx. 439, 2009 WL 393412).

from Time Warner in this case.  Accordingly, all Time Warner IP addresses/Doe Defendant information still remain outstanding, nearly 400 in this case and over a thousand combined for the two cases.  Pursuant to the Court's order, the subpoena return date will be extended for years to be consistent with the limitation imposed.

Second, while Plaintiff has received more complete productions from the other ISPs, Plaintiff has not received information for all Doe Defendants.  Because various Doe Defendants filed motions to quash, motions to dismiss, and motions for protective orders, the ISPs withheld information for those moving Doe Defendants.  Though the Court has consistently denied the motions to quash and required the Doe Defendants to be identified, Plaintiff has not yet received the further and complete production from all ISPs.

For example, Cox Communications has withheld information on eight IP addresses/Doe Defendants based on motions having been filed.  Plaintiff's counsel is currently working with Cox Communications and other ISPs to obtain further productions in conjunction with the Court's orders denying the motions to quash and requiring the Doe Defendants to be identified.  However, Plaintiff has not obtained all the further productions required to complete the identification of all Doe Defendants.

Additionally, numerous Doe Defendants have filed motions to dismiss based on personal jurisdiction, which are still pending.  While these motions are pending, Plaintiff's ability to name and serve these Doe Defendants is impeded.

Lastly, Plaintiff has sent correspondence to the Doe Defendants already identified by some of the ISPs in an attempt to either settle with those Doe Defendants before naming and serving them or further ascertain the merits of Plaintiff's case against those certain Doe Defendants, as required by such rules as Fed. R. Civ. P. Rule 11.

Accordingly, good cause exists as to why Plaintiff has not yet named and served the Defendants in this case. First, Plaintiff has not yet received all of the identifying information for all Doe Defendants. Obviously, Plaintiff cannot name and serve the Doe Defendants before it receives the identifying information, and Plaintiff is lacking this identifying information for over 800 Doe Defendants. Second, Plaintiff has not yet been able to ascertain the merits of its claims against all Doe Defendants so as to ensure Plaintiff does not prosecute frivolous claims.

Further, the Defendants have not been prejudiced by any delay in naming and serving them and will not be prejudiced by an extension. Therefore, the court should extend the time for service for an appropriate period to allow Plaintiff to obtain identifying information from the remaining ISPs and to properly determine the validity of its claims against the Doe Defendants before naming and serving them.

In the alternative, the court should exercise its discretion in allowing Plaintiff additional time to name and serve the Defendants. Again, the Doe Defendants already identified by Plaintiff have actual notice of the claims asserted, and none of the Defendants will be prejudiced by the granting of Plaintiff's request.[5]

---

[5] If the court decides to deny Plaintiff's request to extend the time to serve Defendants, Plaintiff requests that the court order that service be made within a specified time or dismiss the action *without* prejudice. Fed. R. Civ. P. 4(m).

Respectfully submitted,
WEST BAY ONE, INC.

**DATED**:  November 18, 2010

By:   /s/
Thomas M. Dunlap (D.C. Bar # 471319)
Nicholas A. Kurtz (D.C. Bar # 980091)
DUNLAP, GRUBB & WEAVER, PLLC
1200 G Street, NW Suite 800
Washington, DC 20005
Telephone: 202-316-8558
Facsimile: 202-318-0242
tdunlap@dglegal.com
nkurtz@dglegal.com
*Attorney for the Plaintiff*