**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| WEST BAY ONE, INC.<br>Plaintiff,<br><br>v.<br><br>DOES 1-1,653<br><br>Defendants. | ) | Case No.: 1:10-cv-00481-RMC<br><br><br><br><br><br>Opposition to Plaintiff's Further Motion for Extension of Time To Name and Serve Defendants [Fed. R. Civ. P. 4(m) (Dkt. 56) |

COMES NOW ANTHONY HEDZIG, CHRIS GO, GREG KELLEY, EJ DONEY, EMILY SPITZER AND JENNY MILLET**,** for themselves alone, by and through their attorney of record and respectfully submit their opposition to Plaintiff's Further Motion for Extension of Time To Name and Serve Defendants [Fed. R. Civ. P. 4(m) [Dkt. 56].

Said Motion shall consist of this preamble, the attached Points and Authorities, and oral argument, if desired by this Honorable Court.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION AND SUMMARY OF ARGUMENT

In a staggering display of *chutzpah*[1],counsel for Plaintiff—who in late September asked this Court to delay ruling on Defendants' pending Motion to Dismiss on the grounds that it was allegedly

[1] U.S. v. Sar-Avi, 255 F.3rd 1163, 1165 (9th Cir. 2001).

"premature" because "**the Court has already set a deadline for Plaintiff to name and serve all defendants in this case, which is in less than two months [and] [i]t would not prejudice any Doe Defendant to allow Plaintiff to complete its discovery within that time**." [Deft. Opp to Omnibus Mtn, Dkt. 45, p. 8] (Emphasis added)—***now*** claims they need ***another*** extension because "Plaintiff has not received all the information to identify ***all*** of the Doe Defendants from all of the ISPs," [Pltf. Mtn Further Motion for Extension of Time, Dkt. 56] (Emphasis added).

Indeed, Plaintiff seeks almost a ***two and a half year*** extension of time to comply with its service obligations as a litigant. [Dkt. 56, p. 2]. For the reasons set forth below, Plaintiff's latest request is procedurally improper and imposes an unfair burden upon the other parties to this case. It should be denied with prejudice and the Plaintiff ordered to file an amended complaint replacing the Doe defendants with named parties within ten (10) days or have their complaint dismissed with prejudice.

## II. PROCEDURAL HISTORY

On or about March 23, 2010, Plaintiff filed a complaint [Dkt. 1] alleging, in pertinent part, that 2,000 persons, named as "Does", downloaded a movie—"The Steam Experiment a/k/a The Chaos Experiment"—to which it claimed to own the exclusive copyright. [Dkt. 1 at 1, ¶3 - 3, ¶6]. Plaintiff asserted that it did not know the true names or identities of the persons who allegedly downloaded its movie via a BitTorrent peer-to-peer protocol ("P2P") and so it made a motion for discovery to allow it to issue subpoenas to various Internet Service Providers ("ISPs") seeking "the name, current (and permanent) addresses, telephone numbers, e-mail addresses and Media Access Control addresses of all

individuals whose IP addresses are listed in the attached spreadsheet." [Dkt. 33-1, Court-Directed Notice Regarding Issuance of Subpoena Seeking Disclosure of Your Identity, at 2, ¶1].

On July 27, 2010, Plaintiff filed its First Amended Complaint [Dkt. 30] whereby it modified its Doe Defendants list to 1,653. Several ISPs, including Time Warner filed separate motions to quash the subpoenas. On June 7, 2010 this Court, *sua sponte*, issued an order to show cause why this case should not be dismissed based on misjoinder. On July 2, 2010, this Court elected not to dismiss the case on misjoinder grounds but stayed the responses to the subpoenas and directed the parties to draft a joint notice to the ISPs customers to be delivered by the ISP along with the subpoena.

Since then, multiple defendants have moved this Court to dismiss them from the action based on the Court's lack of personal jurisdiction over them pursuant to D.C. St. §13-423, GTE New Media Services Inc. v. BellSouth Corp., 199 F.3d 1343 (D.C.Cir. 2000) and their antecedents and progeny. The Court has generally denied motions to quash the subpoenas to the ISPs but has reserved ruling on the pending motions to dismiss.

In their latest motion, Plaintiffs assert that they need a further ***twenty-nine months*** before they can declare themselves satisfied with their discovery responses and comply with the service requirements set forth in the Federal Rules of Civil Procedure. This opposition now follows.

## III. APPLICABLE LAW

Under normal circumstances, a plaintiff has 120 days to serve all defendants in the United States with a copy of the complaint and summons. *See* Fed. R. Civ. P. 4(m). Moreover, the use of

"Doe" Defendants is generally disfavored in federal practice. *See generally* Gillespie v. Civiletti, 629 F.2d 637 (9th Cir. 1980).

In the instant action, based on Plaintiff's representations that time was of the essence because the records they allegedly needed to prove up their case were purportedly danger of being deleted by the ISPs, the Court first permitted the Plaintiff to maintain an action with not just one or two Doe defendants, but several thousand of them. Next, it permitted Plaintiff to issue subpoenas prior to naming a single Doe defendant, let alone conducting a Fed. R. 26 discovery conference. Finally, it granted an extension of the 120-day limit—to November 18, 2010—for Plaintiff to complete its service obligations under Fed. R. Civ. P. 4(m). The effect of Plaintiff's ***latest*** extension request can be best illustrated in the following chart:

| **Date Amended complaint Filed** | **Deadline to Serve All Parties Per FRCP 4(m) (120 Days From Filing)** | **1st Extension Granted By Court** | **Requested Extension In Plaintiff's Motion (29 months from 11/18/2010)** |
|---|---|---|---|
| July 27, 2010 | November 24, 2010 | November 18, 2010 | **April 18, 2013** |

## IV. ARGUMENT

### A. Plaintiff Failed To Comply With LCvR 7(m)

In pertinent part, LCvR 7(m) provides "Before filing any nondispositive motion in a civil action, counsel **shall** discuss the anticipated motion with opposing counsel, either in person or by telephone, in a good faith effort to determine whether there is any opposition to the relief sought and, if there is opposition, to narrow the areas of disagreement. … A party shall include in its motion a state-

ment that the required discussion occurred, and a statement as to whether the motion is opposed." (Emphasis added).

Plaintiff's motion is bare of the required certification. Nor did the required discussion with defense counsel take place prior to the motion. Accordingly, the Court should deny the motion with prejudice on this basis alone.

B. <u>The Requested Extension Would Nearly Moot This Case</u>

Plaintiff has repeatedly claimed that the Doe Defendants are not in the case until and unless they are served. Alas for Plaintiff, if the Court were to accept its flawed reasoning, it would lead to such a prolonged delay in filing that if the requested extension is granted, the plaintiff would be allowed to wait until nearly the end of the statute of limitations period for a civil copyright infringement suit, as a civil action for copyright infringement must be commenced within ***three*** years after the alleged claim accrued. *See* 17 U.S.C. §507(b).

Assuming for present purposes only that the Court grants Plaintiff's unreasonable request for an extension and that the Plaintiff proclaims itself satisfied in mid-April 2013 that it can now proceed to act as it was originally ordered to do in November 2010 (mainly, naming the Doe defendants), the Court would turn to the provisions of Fed. R. Civ. P. 15(c) (1), which determines whether amendments made by the Plaintiff to their complaint would "relate back" to the July 27, 2010 filing date.

With regard to the substitution of "Does", Fed. R. Civ. P. 15(c)(1)(C) provides that relation back will only be allowed when "the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment: **(I)** received such notice

of the action that it will not be prejudiced in defending on the merits; and **(ii)** knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

In the instant action, if Plaintiff's view is correct and the Does are not "in" the action until they are served, then they have not (and cannot) "receiv[e] such notice of the action that [they] will not be prejudiced in defending on the merits" as Fed. R. 15(c) (1) (C) (i) requires. Having repeatedly argued that Defendants lack standing to challenge this Court's personal jurisdiction over them because they have not been served with a summons and a complaint, the Plaintiff may not now argue that it should be allowed to hale thousands of people before the Court nearly two and a half years from now on the ground that the Does supposedly had "notice" of the pending action in 2010. It is frankly an insult to the intelligence of the Court and of opposing counsel for Plaintiff to claim that Defendants can simultaneously possess "notice" of an action while lacking any ability to intervene in that action to protect their interests. The requested extension should be denied.

C. The Requested Extension Has Been Brought In Bad Faith

Plaintiff's counsel has long been aware that today—November 18, 2010—was their deadline to comply with their obligations under Fed. R. Civ. P. 4(m). Notwithstanding this, they elected to wait until the last possible moment to request an extension of time from this Court without first attempting to meet and confer with opposing counsel as LCvR 7(m) requires. The extension should be denied.

Moreover, Plaintiff is being disingenuous with the Court when it asserts "Obviously, Plaintiff cannot name and serve the Doe Defendants before it receives the identifying information." [Dkt. 56, p. 6]. In point of fact, Plaintiff—thanks to this Court's prior orders—***already knows*** the names and ad-

dresses of several defendants ***and*** their counsel. Plaintiff cites no authority in support of the remarkable proposition that ***all*** 1,000+ defendants must be served *en masse* for service to be valid, for none exists.

In perhaps the most fatuous section of the motion, Plaintiff asserts it "**has not yet been able to ascertain the merits of its claims against all Doe Defendants so as to ensure Plaintiff does not prosecute frivolous claims.**"[Dkt. 56, p. 6-7] (Emphasis added).

Pursuant to Fed. R. Civ. P. 11(b), the time for Plaintiff to decide whether its claims were "frivolous" or not was ***before*** it filed its complaint and its amended complaint. Given that Plaintiff has admitted it failed to perform its due diligence, the Court should deny the requested extension and set an order to show cause on why the complaint should not be dismissed with prejudice and sanctions imposed. Finally, since Plaintiff's counsel has repeatedly refused to dismiss Doe defendants from this action *even* when confronted with multiple pieces of third-party evidence that the alleged "infringement" did not take place, Plaintiff's pleas for time ring hollow.

In addition to its sanction authority under Rule 11, this honorable court also has the power to curtail the Plaintiff's abusive tactics under the court's inherent power to regulate the litigation process and impose sanctions generally. *See:* R. Pushaw, Jr. "THE INHERENT POWERS OF FEDERAL COURTS AND THE STRUCTURAL CONSTITUTION," 86 Iowa L. Rev. 735, 760, 793-94 (2001).

.

D. <u>Granting The Continuance Would Impose An Undue Hardship on Defendants</u>

It beggars belief that Plaintiff could, in apparent seriousness, ask this Court to require several thousand people (most of whom have no connection with the District of Columbia) to put their lives on

hold and incur substantial legal fees for the next ***two and a half years*** because Plaintiff somehow believes the provisions of Fed. R. Civ. P. 4(m) does not apply to it. Beyond the uncertainty of the possibility of litigation, are Defendants to be expected to retain all of their hardware for the next quarter of a decade? If they do not, will the Court look with favor on the Plaintiff's spoliation of evidence motion?

Congress created statutes of limitation, such as the one set forth in 17 U.S.C. §507(b) for a reason and it would violate the public policy underlying the limitation of actions to allow a party to force others to remain in suspended animation as the plaintiff continues to assert its action(s) in this court to coerce a settlement, as Plaintiff is improperly attempting to do. Even if it does not technically runs afoul of the statute of limitations period, they certainly are abusing the spirit of the statute.

## V. CONCLUSION

For the reasons set forth above Plaintiff's Further Motion for Extension of Time To Name and Serve Defendants [Fed. R. Civ. P. 4(m)] should be DENIED with PREJUDUCE. Plaintiff should further be ORDERED to file an amended complaint replacing the Doe Defendants with real parties within ten (10) days or face dismissal of its complaint with prejudice. Furthermore, Plaintiff should be ordered to show cause why its complaint should not be dismissed based on its admitted failure to establish the non-frivolous nature of its claims prior to filing.

Respectfully submitted this 18th day of November 2010

/S/ CAREY N. LENING
CAREY N. LENING, ESQ.
LAW OFFICE OF CAREY N. LENING
DC Bar No. 449284
1325 G. St. NW Ste. 500
Washington, DC 20005
(202) 709-4529
carey.lening@careylening.com

Attorney for Moving Defendants

**CERTIFICATE OF SERVICE**

I am the attorney for the Moving Defendants. On November 18, 2010, I sent a true and complete copy of the foregoing Opposition to Plaintiff's Further Motion for Extension of Time To Name and Serve Defendants [Fed. R. Civ. P. 4(m) to the following parties and/or their attorneys of record via United States Mail:

Mr. Nicholas A. Kurtz, Esq.,
Dunlap, Grubb & Weaver PLLC
199 Liberty Street S.W.
Leesburg, VA 20175

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

/S/ CAREY N. LENING
CAREY N. LENING, ESQ.
LAW OFFICE OF CAREY N. LENING
DC Bar No. 449284
1325 G. St. NW Ste. 500
Washington, DC 20005
(202) 709-4529
carey.lening@careylening.com