UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **WEST BAY ONE, INC.,** | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 10-481 (RMC) |
| **DOES 1 - 1,653,** | ) ) ) ) | |
| Defendants. | ) ) | |

**ORDER**

Plaintiff West Bay One, Inc. sues thousands of persons who allegedly copied and distributed its motion picture, "The Steam Experiment" also known as "The Chaos Experiment," over the Internet. It has issued subpoenas to various Internet Service Providers ("ISPs") to identify such persons, known only by their Internet Protocol addresses. As of yet, none of the John Does has been named in this case. Even so, many individuals have entered the case as "Interested Parties" and have moved to dismiss all allegations against them, most protesting this Court's jurisdiction over persons in other parts of the country. To be able to address such issues on a relatively timely basis, the Court ordered Plaintiff to name and serve all Defendants no later than November 18, 2010.[1] Plaintiff now moves for an extension of that time – for five years – and several identified John Does who have entered the case as Interested Parties object. *See* Pl.'s Mot. to Extend Time to Name and Serve Defendants [Dkt. # 56]; Opp'n [Dkt. # 57].

---

[1] Plaintiff filed the original complaint against 2,000 John Does on March 23, 2010, and filed an Amended Complaint against 1,653 John Does on July 27, 2010. On July 22, 2010, the Court granted Plaintiff's first motion to extend time to name and serve the defendants; the time was extended to November 18, 2010. *See* Minute Order 7/22/2010.

> Federal Rule of Civil Procedure 4(m) provides:
>
> If a defendant is not served within 120 days after the complaint is filed, the court — on motion or on its own after notice to the plaintiff — must dismiss the action without prejudice against that defendant or other that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). Plaintiff claims good cause, asserting that it needs more time to name and serve all defendants because it has not received all of the information subpoenaed from the Internet Service Providers. Time Warner Cable Inc. ("Time Warner") is only required to provide identifying information for a minimum of 28 IP addresses per month combined for this case and *Achte/Neunte Boll Kino Beteiligungs GmbH & Co. KG v. Does 1–4,577*, Civ. No. 10-453. *See* Order [Dkt. # 24]. Plaintiff estimates that it will take Time Warner 58 months to release all of the identifying information that Plaintiff has requested.

Plaintiff's motion [Dkt. # 56] is **GRANTED IN PART AND DENIED IN PART**. The request is patently unfair and prejudicial to all John Does who have been identified by an ISP, and good cause is not shown as to these identified Does.[2] Plaintiff will file a Second Amended Complaint and will serve it, no later than <u>December 6, 2010</u>, identifying by name and address Defendants over whom it reasonably believes the Court has personal jurisdiction and whom it wants to sue. It will also file a notice with the Court (1) naming those Interested Parties, John Does, and their Internet Protocol addresses, over whom Plaintiff concedes the Court lacks personal jurisdiction or otherwise should be dismissed; and (2) setting forth the Internet Protocol address of those John Does for whom Plaintiff has no identifying information, but over whom Plaintiff reasonably believes

---

[2] Plaintiff also contends that while motions to dismiss are pending, its ability to name and serve these individuals is impeded. Plaintiff provides no basis for this contention.

the Court has personal jurisdiction and whom it wants to sue.

Service on John Does *not yet identified* by Time Warner shall be extended until February 18, 2011, at which time Plaintiff shall file a status report with the Court. This Order, however, otherwise applies to those John Does for whom Time Warner has provided a name and address prior to the date of this Order.

Plaintiff shall file a response to the pending motions to dismiss filed by any Interested Party whom Plaintiff names as a Defendant in the Second Amended Complaint no later than December 20, 2010. If Plaintiff fails to timely respond to a pending motion to dismiss filed by an Interested Party, the Court may grant the motion as conceded. *See Fed. Deposit Ins. Corp. v. Bender*, 127 F.3d 58, 68 (D.C. Cir. 1997).

**SO ORDERED**.


Date: November 19, 2010                             /s/
                                                    ROSEMARY M. COLLYER
                                                    United States District Judge