**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| ACHTE/NEUNTE BOLL KINO ) <br> BETEILIGUNGS GMBH & CO KG ) <br> Wormserstrasse 173 ) <br> D-55130 Mainz, Germany ) <br> ) <br>     Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ADRIENNE NEAL AND DOES 1-139 ) <br> ) <br>     Defendants. ) <br> _____) <br> WEST BAY ONE, INC. ) <br> ) <br>     Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ENID EDDINGS, CRYSTAL PABREZIS, ) <br> AND DOES 1-726 ) <br> ) <br>     Defendants. ) <br> _____) | No. 1:10-cv-00453-RMC <br><br><br><br><br><br><br><br><br><br><br><br><br><br> No. 1:10-cv-00481-RMC | |

**NON-PARTY TIME WARNER CABLE INC.'S MOTION FOR RECONSIDERATION**

Non-party Time Warner Cable Inc. ("TWC") previously moved to quash or modify plaintiffs' subpoenas in these cases on the ground that compliance would be unduly burdensome. This Court granted TWC's motions and modified the subpoenas to limit TWC's production requirements to 28 IP address lookups per month. *See* Order, *Achte/Neunte Boll Kino Beteiligungs GMBH & Co. KG v. Does 1-4,577*, No. 1:10-cv-00453-RMC, Dkt. No. 33 (D.D.C. July 2, 2010); Order, *West Bay One, Inc. v. Does 1-1,653*, No. 1:10-cv-00481-RMC, Dkt. No. 24

(D.D.C. July 2, 2010). However, two recent developments demonstrate that any further discovery of TWC would be improper.

*First*, the Court recently directed plaintiffs to identify those defendants over whom they reasonably believed the Court has personal jurisdiction. *See* Order, *Achte/Neunte Boll Kino Beteiligungs GMBH & Co. KG v. Does 1-4,577*, No. 1:10-cv-00453-RMC, Dkt. No. 143 (D.D.C. Nov. 19, 2010); Order, *West Bay One, Inc. v. Does 1-1,653*, No. 1:10-cv-00481-RMC, Dkt. No. 58 (D.D.C. Nov. 19, 2010). In response to the Court's orders, plaintiffs voluntarily dismissed over 5,300 Doe defendants. Notably, they dismissed subscribers of *other* ISPs who reside outside of the District of Columbia, and retained only one defendant in *Achte/Neunte* and two defendants in *West Bay One* who are residents of the District of Columbia. Plaintiffs' decision to dismiss the remaining thousands of defendants appropriately reflects this Court's lack of personal jurisdiction over defendants who reside outside of the District of Columbia.

Inexplicably, however, plaintiffs continue to pursue discovery of TWC, even though they have been on notice since the hearing on TWC's motions in June, 2010 that TWC *has zero subscribers in this District*. In other words, plaintiffs have decided that they will dismiss subscribers of other ISPs who reside outside of the District of Columbia, but plaintiffs will continue to pursue burdensome discovery of TWC with full knowledge that all of TWC's subscribers reside outside of the District of Columbia.

There is no legitimate basis for the disparate treatment of TWC. Because TWC has no subscribers in this District, forcing TWC to spend months or years producing residential addresses of its subscribers would only confirm the lack of personal jurisdiction over those subscribers. To the extent that there could be any doubt on this question, TWC attaches to this motion an affidavit that establishes that TWC has no subscribers anywhere near this judicial

district.  *See* Affidavit of Craig Goldberg, Attached as Exhibit 1.  In light of this evidence, plaintiffs do not have a good faith basis to believe that the discovery they seek of TWC will establish this Court's jurisdiction over any TWC subscriber.  Thus, even apart from the burdens previously recognized by this Court, *any* continued response by TWC to plaintiffs' subpoenas is unwarranted and would be an exercise in futility.

*Second*, the U.S. District Court for the Northern District of West Virginia, which is adjudicating identical, parallel copyright litigation, recently issued orders that severed all but one Doe defendant in each of the cases before it on the ground that joinder of hundreds or thousands of defendants is improper.  *See* Orders, *Third World Media, LLC v. Does 1,243*, No. 3:10-cv-00090-JPB, Dkt. No. 66 (Dec. 15, 2010); *Patrick Collins, Inc. v. Does 1-281*, No. 3:10-cv-00091-JPB, Dkt. No. 42 (Dec. 15, 2010); *Patrick Collins, Inc. v. Does 1-118*, No. 3:10-cv-00092-JPB, Dkt. No. 42 (Dec. 15, 2010); *West Coast Productions, Inc. v. Does 1-2,010*, No. 3:10-cv-00093-JPB, Dkt. No. 44 (Dec. 15, 2010); *West Coast Productions, Inc. v. Does 1-535*, No. 3:10-cv-00094-JPB, Dkt. No. 45 (Dec. 15, 2010); *Combat Zone, Inc. v. Does 1-1,037*, No. 3:10-cv-00095-JPB, Dkt. No. 71 (Dec. 15, 2010); *Combat Zone, Inc. v. Does 1-245*, No. 3:10-cv-00096-JPB, Dkt. No. 28 (Dec. 15, 2010) (attached as Exhibit 2).  The court consequently quashed all outstanding subpoenas that did not relate to the one remaining Doe defendant.  *Id*.

Notably, the West Virginia court held that any individually filed actions could proceed "only against Does with IP addresses of computers located within the State of West Virginia." *Id*. at 5 n.2.  That ruling mirrors this Court's concern about lack of jurisdiction over defendants who reside outside the district.  Although the orders of the West Virginia court are not binding on this Court, TWC respectfully submits that those rulings are correct and requests that this Court consider those rulings as persuasive authority.

3

In light of (1) plaintiffs' concession that defendants who reside outside the District should be dismissed, (2) the fact that TWC has no subscribers who reside in the District, and (3) the West Virginia court's rulings that parallel copyright litigation may not proceed against defendants located outside of the court's jurisdiction, the time has come to end the significant burdens that plaintiffs are imposing on TWC. TWC thus respectfully requests that the Court reconsider its prior orders that directed TWC to respond to 28 IP address lookups per month, and instead quash the subpoenas in their entirety.[1]

December 21, 2010                                       Respectfully submitted,

                                                        _____/s/ Alexander Maltas_____
                                                        Alexander Maltas (D.C. Bar No. 490099)
                                                        LATHAM & WATKINS LLP
                                                        555 11th St. NW
                                                        Suite 1000
                                                        Washington, DC  20004
                                                        (202) 637-2200

                                                        *Counsel for Time Warner Cable Inc.*

---

[1] Pursuant to local rule 7(m), counsel for TWC met and conferred with counsel for plaintiffs in an attempt to resolve this dispute. The parties were unable to resolve their differences, necessitating this motion. Plaintiffs intend to oppose.

Case 1:10-cv-00481-RMC   Document 69   Filed 12/21/10   Page 5 of 5

5

## CERTIFICATE OF SERVICE

I, Alexander Maltas, certify that on December 21, 2010, I served the foregoing "Non-Party Time Warner Cable Inc.'s Motion For Reconsideration" via the Court's CM/ECF system and that service will be accomplished by the CM/ECF system.


December 21, 2010                                             /s/ Alexander Maltas
                                                                                     Alexander Maltas

5