UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| WEST BAY ONE, INC., )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>ENID EDDINGS; CRYSTAL PABREZIS; )<br>and DOES 1 – 726, )<br>)<br>    Defendants. )<br>_____) | CA. 1:10-cv-00481-RMC |

**PLAINTIFF'S OPPOSITION TO MOTION TO QUASH [DOC. NO. 96]**

Plaintiff files this memorandum in opposition to a recently filed motion to quash [Doc. No. 96]  Plaintiff West Bay One, Inc., the owner of the copyright of the motion picture "The Steam Experiment" also known as "The Chaos Experiment," filed this case for copyright infringement against various individuals who allegedly illegally downloaded and distributed the movie over the Internet.  When the suit was filed, Plaintiff did not know the names of the alleged infringers but had identified the Internet Protocol ("IP") addresses of the computers associated with the infringements.  In order to discover the actual names of the Doe Defendants, Plaintiff subpoenaed the Internet Service Providers ("ISPs") who provide service to the identified IP addresses, and the ISPs gave notice to their customers of the subpoena.  Several of the individuals who received such notices have moved to quash the subpoena and dismiss the case based on lack of personal jurisdiction and misjoinder, many of those motions being form motions purchased on the internet and filed without any independent evaluation of their merits.

The Court has continually denied the motions to quash and motions for protective orders. [See e.g., Doc. Nos. 36, 37, and Minute Orders of 9/16/10 and 11/4/10]  The only motion remaining, to which Plaintiff has not responded and that Plaintiff is aware of is a letter

purporting to be a motion to quash filed by Doe Defendant, Ayham Alammar. [Doc. No. 96][1] The only grounds advanced in the letter are that Doe Defendant Alammar has not downloaded or uploaded Plaintiff's film.

The Court has continually denied such motions to quash. [See e.g., Doc. No. 36 (Memorandum Opinion)] As the Court has noted, "such defenses are not at issue at this stage of the proceedings." Id. at p. 5. (citing Fonovisa, Inc. v. Does 1-9, Civ. No. 07-1515, 2008 WL 919701, at *8 (W.D. Pa. Apr. 3, 2008) (if the entity whose identifying information was sought by a subpoena served on an ISP "believes that it has been improperly identified by the ISP, [the entity] may raise, at the appropriate time, any and all defenses, and may seek discovery in support of its defenses.").

In opposition to this motion, Plaintiff hereby submits and incorporates herein its previously filed opposition to several similar motions (Exhibit 1; Doc. No. 34) and the Court's Memorandum Opinion wherein the Court denied several similar motions (Exhibit 2; Doc. No. 36).

|  |  |
|---|---|
| DATED:  March 7, 2011 | Respectfully Submitted,<br>WEST BAY ONE, INC.<br>By:   /s/_____<br>Thomas M. Dunlap (D.C. Bar # 471319)<br>Nicholas A. Kurtz (D.C. Bar # 980091)<br>DUNLAP, GRUBB & WEAVER, PLLC<br>1200 G Street, NW Suite 800<br>Washington, DC 20005<br>Telephone: 202-316-8558<br>Facsimile: 202-318-0242<br>tdunlap@dglegal.com<br>nkurtz@dglegal.com<br>*Attorney for the Plaintiff* |

---

[1] Plaintiff's counsel was never served with Doe Defendant Alammar's letter motion and did not receive it until the Court posted it on the electronic docket on May 9, 2011.

## CERTIFICATE OF SERVICE

      I hereby certify that on May 20, 2011, a true and correct copy of the foregoing PLAINTIFF'S OPPOSITION TO MOTION TO QUASH [DOC. NO. 96] was sent via first-class mail to the following:

Ayham Alammar
4841 Elmont Place
Groveport, OH 43125
*Moving Doe Defendant*

      /s/_____
      Nicholas A. Kurtz