UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**WEST BAY ONE, INC.,**

    **Plaintiff,**

          v.                                  Civil Action No. 10-481 (RMC/JMF)

**ENID EDDINGS; CRYSTAL PABREZIS;**
**and DOES 1-726,**

    **Defendants.**

**MEMORANDUM ORDER**

Fran Laker ("Laker") has become aware of the existence of a subpoena served upon an Internet Service Provider ("ISP") that might disclose whether he[1] downloaded illegally a film. Plaintiff is the copyright owner of this film and served that subpoena.

As the matter now stands, Laker has not yet been named as a defendant but has moved to quash the subpoena on the grounds that (1) the subpoena was not served on him; (2) he lives more than 100 miles from the District of Columbia; (3) the subpoenas "imposed an undue burden on Movants that raises significant constitutional questions;" and (4) the underlying case must be dismissed for lack of personal jurisdiction, lack of subject matter jurisdiction and mootness. Motion to Quash Subpoens [sic] [#100] at 1. According to Laker, "[i]t is improper to impose on a third party the burden of any subpoena . . . in aid of a case that does not belong in this Court in the first place." Id.

---

[1] "Fran" may be a man or woman's name. I am guessing a man and apologize if I have guessed wrong.

First, Laker relies on Rule 45 of the Federal Rules of Civil Procedure, but the rights granted by that Rule may be asserted only by the person subject to the subpoena, unless a privilege in the matters to be disclosed is asserted by a third party. Novak v. Capital Mgmt. & Development Corp., 241 F.R.D 389, 394 (D.D.C. 2007).  The only possible "privilege" that Laker could claim is in the disclosure by the ISP of his identity.[2]  But, that ship has sailed; Laker has identified himself on the public record, obviating any concern about his "privacy".

Second, Laker has not been served with the subpoena and it does not impose any burden on him whatsoever.  If Laker is trying to move to dismiss the case for lack of jurisdiction over his person or the subject matter, he will have to wait until he is in fact named as a defendant.  As Judge Collyer has pointed out,[3] the defenses he may have to liability are not at issue merely because a subpoena was served on an ISP.

It is therefore, hereby,

**ORDERED** that the Motion to Quash Subpoens [sic] [#100] is **DENIED.**  I note that Laker, if named as a defendant, reserves all of the defenses he may have to this action.

**SO ORDERED.**

 

                                          **JOHN M. FACCIOLA**
                                          **UNITED STATES MAGISTRATE JUDGE**

---

[2] Judge Collyer has concluded, as have many other judges, that there is no such privilege. West Bay One, Inc. v. Does 1-1,653, 270 F.R.D. 13, 15 (D.D.C. 2010).

[3] See Memorandum Opinion [#36] at 5.

2